350 So.2d 1289 (1977)
Floyd Joseph DUCOTE, Plaintiff-Appellant,
v.
Virginia T. VOORHIES, Robert Lee Johnson, and State Farm Insurance Company, Defendants-Appellees.
No. 6136.
Court of Appeal of Louisiana, Third Circuit.
October 17, 1977.
*1290 Clement Story, III, Lafayette, for plaintiff-appellant.
Gist, Methvin & Trimble by Alonzo Wilson, Alexandria, La., for defendant-appellee.
McLure & McLure by T. C. McLure, Jr., Alexandria, for defendant-appellee.
Before HOOD, CULPEPPER and GUIDRY, JJ.
GUIDRY, Judge.
In this case plaintiff, Floyd Joseph Ducote, seeks to recover damages for personal injuries received when he was shot by defendant, Robert Lee Johnson. At the time of the shooting, plaintiff was performing his official duties as an officer of the Bunkie Police Department. Robert Lee Johnson's mother, Virginia T. Voorhies, and her "Homeowners" insurer, State Farm Fire and Casualty Company (hereafter referred to as State Farm) have also been made defendants to the action. After trial on the merits, judgment was rendered in favor of plaintiff against Robert Lee Johnson in the principal amount of $35,000.00. Judgment was also rendered in favor of Virginia T. Voorhies and State Farm, rejecting plaintiff's demands against them. Plaintiff appeals from that portion of the judgment rejecting his claim against Mrs. Voorhies and State Farm. Robert Lee Johnson has not appealed.
The sole issue presented on appeal is whether or not Mrs. Voorhies was guilty of negligence on the occasion in question which was a cause-in-fact of plaintiff's injury.
The facts giving rise to this litigation are not in dispute. Mrs. Voorhies resides at 503 North Sycamore Street in Bunkie, Louisiana. State Farm had issued a homeowner's policy covering the property. Robert Johnson, Mrs. Voorhies' son, had been residing in her household for about three months prior to the shooting. He had previously been staying with a Mr. Townsend, but Mrs. Voorhies had brought him home following a spell of sickness. Robert was 32 years old and had a history of epilepsy. He suffered frequent attacks in which he would pass out, foam at the mouth and bite his tongue. He was taking medicine to eliminate or reduce the attacks.
On the night of April 28, 1975, plaintiff and Officer Dauzat of the Bunkie Police Department were summoned to the Voorhies' residence by one of Mrs. Voorhies' daughters to check out a disturbance. On the way there, the officers observed another one of Mrs. Voorhies' daughters, Hazel, walking along the street. Upon arrival at 503 North Sycamore, the officers were informed by Mrs. Voorhies that an argument had transpired between her son and daughter, *1291 Hazel. She had stepped in to break them and had been struck by her son. Mrs. Voorhies did not inform the officers that Robert was then present in the house or that he was an adult. She requested the officers to find Hazel and return her to her home. The officers left and soon returned to the Voorhies residence with Hazel in the patrol unit. Officer Dauzat remained in the unit to answer a radio call while plaintiff and Hazel entered the residence. Plaintiff was informed that Robert had been in the fight with Hazel and that he was in the back bedroom. Plaintiff asked Mrs. Voorhies to send someone for Robert so he could speak to him. Someone went to get Robert, but he suddenly appeared in the doorway of his room with a gun in his hand and opened fire. Plaintiff sustained a bullet wound of the right arm. Plaintiff returned fire, and after an exchange of shots, Robert was captured and taken into custody. At trial, the following, among other, stipulations were entered into:
(1) That Robert Lee Johnson was sane at the time of the shooting and that he knew right from wrong; and was capable of choosing right; and that he knew what he was doing at the time of the occurrence. (2) That Robert Lee Johnson had obtained the guns[1], which he used that day, the same day of the occurrence without knowledge of anyone in the Virginia Voorhies household.
(3) That Robert Lee Johnson had been drinking beer the afternoon of the occurrence.
(4) That Robert Lee Johnson pled "guilty" to "Attempted Manslaughter", and is presently serving a sentence at the State Penitentiary at Angola.
On appeal, plaintiff does not contest the trial judge's finding that Robert Lee Johnson deliberately and intentionally shot the plaintiff. Neither does plaintiff assert error in the trial judge's finding that because of the intentional nature of his act, even though Robert was an insured[2], State Farm is not liable under the terms of the policy which excludes liability for intentional torts.[3]Kipp v. Hurdle, 307 So.2d 125 (La. App. 1st Cir. 1974, writ refused). Plaintiff, however, seeks to hold Mrs. Voorhies and her insurer liable on the basis of certain independent acts of negligence allegedly committed by her. In this latter regard, the trial judge in his written reasons for judgment stated as follows:
". . . the evidence is equally convincing, that Virginia T. Voorhies is not liable for the actions of her son in this shooting episode. Her only connection with the incident is that it happened in her home. However, the evidence is most convincing that there was no fault or negligence on her part, and accordingly, she is absolved of liability in this case."
We find no error in this conclusion.
In order to prove negligence on the part of defendant, plaintiff must not only show that defendant's conduct was tortious but also that the acts complained of were a cause in fact of his injury.
Appellant asserts that Mrs. Voorhies was negligent in that she failed to warn the police officers that Robert was a 32 year old epileptic; he had not been taking his medication; and, he had been drinking beer.
Mrs. Voorhies candidly admitted that she did not inform plaintiff of Robert's *1292 age or that he was an epileptic. Plaintiff failed however, to establish that Mrs. Voorhies knew or had reason to believe that Robert had not taken his medication or that he had been drinking. The record clearly establishes that Mrs. Voorhies did not know that Robert was armed or that there were any firearms in her home. The above being considered the only warning that Mrs. Voorhies could have given pertained to Robert's age and physical condition. We fail to appreciate how the failure to warn of these facts, under the circumstances, amounted to negligent conduct. However, even conceding arguendo that her failure to warn of these facts was negligence, we do not find that such conduct was a cause in fact of the harm suffered by plaintiff.
In order for the negligent conduct to be a cause in fact of plaintiff's harm, it must be shown to be a substantial factor in causing plaintiff's injury. Some direct relationship is required between the negligent conduct complained of and the resulting injury. The negligent conduct must be a necessary ingredient of the resulting injury. The injury must be the natural, probable and foreseeable consequence of the negligent conduct. Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972); Laird v. Travelers Insurance Company, 263 La. 199, 267 So.2d 714 (1972); Jones v. Robbins, 289 So.2d 102 (La.1974).
For the above and foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] In addition to the weapon which he fired after he was taken into custody, a small handgun was found in Robert's pocket.
[2] The homeowner's policy issued by State Farm to Mrs. Voorhies contains the following provision: ". . . Insured means . . . if residents of the Named Insured's household, his spouse, the relatives of either, and any other person under the age of twenty-one in the care of any Insured; . . ."
[3] A provision of the State Farm homeowner's policy reads: "THIS POLICY DOES NOT APPLY. . . TO BODILY INJURY OR PROPERTY DAMAGE WHICH IS EITHER EXPECTED OR INTENDED FROM THE STANDPOINT OF THE INSURED: . . ."