391 So.2d 545 (1980)
Validine F. GANEY et al., Plaintiffs-Appellees,
v.
David H. BEATTY et al., Defendants-Appellants.
No. 7905.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1980.
Rehearing Denied January 2, 1981.
Gold, Little, Simon, Weems & Bruser, Henry B. Bruser, III, Alexandria, Howard P. Elliot, Jr., Baton Rouge, for defendants-appellants.
James H. Brown, Baton Rouge, for plaintiffs-appellees.
Before FORET, DOUCET and LABORDE, JJ.
FORET, Judge.
This is an action ex delicto. Plaintiff, Validine Ganey, seeks to recover for personal injuries and property damage caused by fire. Her fire insurer, Continental Insurance Company (Continental), pursuant to its right of subrogation, is seeking to recover from defendant what it has paid plaintiff as a result of the fire. Named as defendants are David Beatty and his general liability *546 insurer, Aetna Casualty and Surety Company (Aetna).
The trial court rendered judgment in favor of plaintiff[1] and Continental, and the defendants timely perfected a suspensive appeal. Plaintiff answered the appeal, seeking recovery for mental anguish.

ISSUES
We need discuss only one issue raised by the defendants-appellants, as our decision on that issue is dispositive of this appeal. The question is whether the trial court was correct in finding actionable negligence in the conduct of David Beatty such that he must respond in damages to the plaintiff. Specifically, was the negligent conduct of David Beatty a cause-in-fact of the harm suffered by plaintiff.

FACTS
There is no serious dispute as to the facts present here. This suit arises out of the aftermath of a fire which occurred on the evening of October 6, 1977, in Ferriday, Louisiana. The fire started in a building owned by David Beatty and spread to an adjacent building owned by Validine Ganey. Plaintiffs stipulated at trial, and the record clearly shows, that this fire was deliberately set by an arsonist who has not been captured by law enforcement authorities. The record further reveals that this was not the first attempt by an arsonist to burn this building. Someone had gone under the house a few days earlier and had cut out a two-inch segment of the pipe supplying natural gas to the building. However, this arson attempt was thwarted because the natural gas supplier had effectively locked the meter so that no gas could flow into that pipe. Apparently, it was a few days after this attempt that the arsonist entered the structure, doused the lower floor with a flammable liquid, and set fire to it. The spread of that fire to the building owned by Mrs. Ganey caused extensive damage to that structure which housed her residence and flower shop.
Plaintiff alleged the following, in her petition, as constituting negligent conduct on the part of the defendant, David Beatty. First, in paragraph three of said petition, it was alleged that:

"3.
The property belonging to the defendant included improvements, specifically a house, which constantly remained in a state of disrepair, through the neglect of the defendant, such as to render said house highly susceptible to fires and other such hazards, causing great distress in the neighborhood surrounding defendant's property."
Plaintiff further alleged, in paragraph four of her petition:

"4.
Said fire originated on the defendant's property due to causes unknown to petitioner and best known by defendant, owner of the property. However, petitioner contends that the damage to her property may be attributed to defendant's neglect of his property."
The trial judge, in his written opinion and reasons, concluded:
"that the defendant-Beatty was negligent with respect to his property and that his negligence was a cause-in-fact of the fire which occurred on his premises and spread to those of the plaintiff causing her damage, and accordingly, he is liable for those damages."
Appellants argue that the trial court erred in finding that the alleged negligent conduct of David Beatty was a cause-in-fact of the injuries suffered by plaintiff. We agree.
It is true that there is evidence in the record to indicate that defendant's building was in poor condition. Parts of the wooden frame structure were rotten and were on the verge of collapsing. E. E. Wallace, Fire Chief of Ferriday, testified that he had issued an "order of correction" on March 21, 1977, in which he recited numerous hazards *547 observed by him in a physical inspection of the premises.
David Beatty testified to the effect that he was familiar with the condition of the premises. He normally resided in Baton Rouge, Louisiana, but would drive to Ferriday when possible to visit relatives and look over his property. The trial court found that David Beatty was negligent in his failure to properly maintain his property.
However, in order to establish liability on the part of the defendant, plaintiff, Ganey, must not only show that the defendant's conduct was tortious, but also that the acts complained of were a cause-in-fact of her damages. Dixie Drive It Yourself System v. American Beverage Company, 137 So.2d 298 (La.1962); Brown v. Louisiana Department of Highways, 373 So.2d 605 (La.App. 3 Cir. 1979), writ denied, 376 So.2d 1269 (La. 1979); Ducote v. Voorhies, 350 So.2d 1289 (La.App. 3 Cir. 1977).
The initial inquiry in any determination of actionable negligence on the part of a defendant is whether any causal relationship existed between the harm to the plaintiff and the defendant's allegedly negligent conduct. Hill v. Lundin & Associates, Inc., 256 So.2d 620 (La.1972). The necessity of establishing this causal relationship is mandated by LSA-C.C. Article 2315 which reads, in pertinent part:
"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." (Emphasis added.)
This Court, in State Farm Mutual Insurance Company v. South Central Bell Telephone Company, 343 So.2d 758 (La.App. 3 Cir. 1977), had occasion to confront this issue of causation. There we stated, at pages 759 and 760 that:
"A cause-in-fact is a substantial factor in the chain of events culminating in an accident. It is a `necessary antecedent'. Without it the accident would not have taken place. If the accident would have occurred, regardless of such cause, such cause is not a cause-in-fact. Dixie Drive-It-Yourself System v. American Beverage Co., supra."
Similarly, if the fire in this case would have occurred irrespective of the negligence of the defendant, then his negligence is not a substantial factor or cause-in-fact.
To determine cause-in-fact, courts will carefully scrutinize all the evidence, and those acts will be adjudged causes-in-fact when it is found that more probably than not they were necessary ingredients of the accident. Stated otherwise, an act will be deemed a cause-in-fact of an accident only when, viewed in the light of all the evidence, it is concluded that it is a substantial factor without which the accident would not have happened. Laird v. Travelers Insurance Company, 267 So.2d 714 (La. 1972); Follins v. Barrow, 354 So.2d 609 (La.App. 1 Cir. 1977), writ denied, 356 So.2d 434 (La.1978).
We are of the opinion that the trial court erred in concluding that David Beatty's negligent failure to properly maintain his building was a cause-in-fact of the harm suffered by Validine Ganey. Plaintiff's building would have burned no matter what condition defendant's building was in once the arsonist had set the fire. The condition of defendant's premises was an insignificant factor in the chain of events leading to the damage suffered by this plaintiff.
For the above and foregoing reasons, the judgment of the trial court is reversed, and plaintiff's suit is dismissed. Costs at trial level and on appeal are assessed against the plaintiffs-appellees.
REVERSED.
NOTES
[1] For the sake of convenience, our reference herein to "plaintiff" will (where appropriate) include both Mrs. Ganey and her insurer, Continental.