SEXTON, Judge.
The plaintiff, Mrs. Ruth Davis Lindsay, appeals a trial court judgment rejecting her claim against the defendant, Brookshire Grocery Company, for damages resulting from the plaintiff’s fall in the defendant’s store. In this “trip and fall” case, the trial court found that the plaintiff failed to prove a causal relationship between her injuries and any negligence on the part of the defendant. We affirm the trial court’s judgment.
It is uncontested that on August 29,1980, the plaintiff, while attempting to exit the defendant’s store, fell and received severe injuries. Mrs. Lindsay contends that she tripped over a loose strip of metal molding located near an automatic entrance door, and fell against a door frame sustaining injuries both from the door frame and from a bolt that protruded from the door frame. The plaintiff alleges that both the loose metal strip and the protruding bolt were defects such as would make the defendant strictly liable for the damage caused by these defects. LSA-C.C. Art. 2322; Olsen v. Shell Oil Co., 365 So.2d 1285 (La.1978), rehearing denied.
Under the terms of Article 2322, several requirements for the imposition of liability must be met: (1) there must be a building; (2) the defendant must be its owner; and (3) there must be a “ruin” caused by a vice in construction or a neglect to repair, which occasions the damage sought to be recovered. Olsen, supra.
In applying LSA-C.C. Art. 2322, we find that obviously a building existed and that the building was owned by the defendant. We further find (the trial court did not reach the issue) that the plaintiff has proven that a defect or “ruin” existed and was caused by the defendant-owner’s neglect to repair. The final requirement, that the defect or “ruin” be the cause of the injuries, remains.
With regard to causation, it has been held that due to an affirmative duty owed by shopkeepers to their customers to use ordinary and reasonable care to keep aisles, passageways and floors in reasonably safe condition, once the plaintiff has established that a hazardous condition in the store existed and that it caused his injury, an inference of negligence arises and the burden of proof falls upon the shopkeeper to show that he was not negligent. Albritton v. J. C. Penney Company, Inc., 385 So.2d 549 (La.App. 3rd Cir. 1980), rehearing denied.
However, the initial inquiry is whether any causal relationship existed between the harm with resulted to the plaintiff and any allegedly negligent conduct on the defendant’s part. See Ganey v. Beatty, 391 So.2d 545 (La.App. 3rd Cir. 1980), rehearing denied; Lear v. United States Fire Insurance Co., 392 So.2d 786 (La.App. 3rd Cir. 1980). Without a causal relationship between the harm suffered and any alleged negligent conduct on defendant’s part there can be no recovery.
In the instant case, we find that the evidence does not establish the necessary causal relationship between the injuries plaintiff suffered and the defect that existed in the defendant’s premises.
Mrs. Lindsay testified that she did not see what caused her fall. It was only after re-entering the defendant’s store later that day or later that week, (the testimony is not clear), that she espied the loose metal strip near the entrance door and deduced that this must have been the cause of her fall. She testified that she had to pass over the strip and in so doing her foot was caught and she fell against the nearby exit door frame. She found a protruding bolt located on the left side of the exit door frame and opined that it was this bolt that she fell *243 against thus receiving her cuts and gashes, The plaintiff provided no witnesses as to the actual circumstances of the fall.
The defendant, on the other hand, produced two witnesses who saw Mrs. Lindsay fall. Both witnesses were employees of the defendant who were on duty near the place where Mrs. Lindsay fell.
Allen Turner, the defendant’s store manager, stated that he saw the plaintiff begin to stumble at a point well past the location of the loose metal strip. He further testified that the plaintiff fell against the right side of the exit door’s frame and then fell to the floor. Mr. Turner did not see what caused the plaintiff’s fall.
Becky Eck, a cashier, testified that she saw the plaintiff walking normally toward the exit door. At the time of this observation, the plaintiff was between the pneumatic mats located at the entrance and exit doors. The plaintiff had successfully negotiated the mat where the loose metal strip was located and was well beyond that point when, according to Mrs. Eck, the plaintiff’s shoe “turned under her” and she stumbled and fell against the right side of the exit door’s frame. Mrs. Eck testified that the fall was caused by Mrs. Lindsay’s “shoe turning under her” thus causing the plaintiff to lose her balance and fall. Corroboration of Mrs. Eck’s testimony was supplied by plaintiff’s witness, Mrs. Mary Giles, who testified that the plaintiff has difficulty in walking. Mrs. Giles stated that the plaintiff suffers from a slightly deformed toe which caused her some difficulty in walking and had apparently caused her to stumble previously on several occasions.
The trial judge, after considering the evidence, stated in his oral reasons for judgment that the evidence presented did not support a finding that the fall was caused by the existence of any defect. The trial court did not reach the issue of the existence of a defect because of its decision as to lack of proof of causation. On appeal we have determined that the evidence was sufficient to support a finding that a defect did exist but, as did the trial court, we find that the plaintiff failed to prove a causal relationship between the injuries she suffered and the defect that was shown to exist.
For the reasons assigned we affirm the trial court’s decision at the plaintiff’s cost.
AFFIRMED.