WATKINS, Judge.
Allstate Insurance Company reimbursed its insured, Janet S. Singletary (now Volen-tine) for fire damage to her house, and was subrogated to her claim against the general contractor who built the house, Hartzog Realty & Construction Co., Inc. (Hartzog), and the electrical subcontractor, Sid Carroll, d/b/a Sid Carroll Electric Co. (Carroll), for any claims she might have against them. The fire insurance policy issued by Allstate to Mrs. Singletary had a $100.00 deductible. The total loss was stipulated in the present proceeding to have been $20,599.68. Of this amount Allstate paid Ms. Singletary $20,-499.68. The trial court rendered judgment against Hartzog and Carroll for the full amount of $20,499.68 in solido. Only Hart-zog has appealed.
The only expert witness called at the trial, George Hero of Belle Chasse, Louisiana, testified that the fire started in an electrical fixture, but would have done damage only to the fixture itself but for the fact the ground wire was not connected. The failure to connect the ground wire was the responsibility of the subcontractor and contractor. The trial court obviously considered this testimony to be reliable and accurate and followed Mr. Hero’s testimony in its written reasons for judgment. We have thoroughly reviewed the record, and find that the fire did indeed start in a fixture but spread only because of failure of the builders to attach a ground wire. Thus, the trial court did not commit manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). In fact its analysis of the facts is entirely correct, and demanded by the transcript of the testimony. We annex a copy of the trial court’s written reasons for judgment for a full statement of the facts and of the trial court’s factual analysis, in which, as we have stated, we fully concur.
Counsel for appellant, Hartzog, contends that Allstate went beyond the allegation of the defect set forth in its petition when it presented its evidence. We cannot agree. The petition alleged “The proximate and sole cause of the fire was the faulty electrical wiring in the house.” In so stating, counsel for Allstate obviously meant the proximate and sole cause of the larger fire upon which the subrogation claim was founded. The fire started in the fixture, not the wiring. However, the fire would have been confined to the fixture, had not the wiring been faulty, and the larger conflagration was caused, in fact, solely and proximately by the defective wiring, as the petition filed by Allstate alleges.
The judgment of the trial court is affirmed, all costs of appeal to be paid by appellant.
AFFIRMED.
REASONS FOR JUDGMENT
GREENE, Judge.
Plaintiff seeks to recover from defendants the amount which it paid its insured for a residential fire loss. Defendant, Hart-zog Realty & Construction Co., Inc., was the general contractor in the construction of the residence damaged by this fire. Defendant, Sid Carroll, performed the electrical work on this residence for the general contractor.
*541 The parties stipulated that Allstate paid its insured $20,399.68 (sic) representing the insured’s loss from this fire and that- the insured incurred an additional $100 in fire damage to her residence. It was also stipulated that Allstate was subrogated to its insured’s rights to collect this damage from the parties responsible for this damage, if proof substantiated this responsibility.
Testimony establishes that Hartzog Realty & Construction Company, Inc. constructed a house for Allstate’s insured in 1978, with defendant, Sid Carroll, providing the electrical work for the general contractor. The fire occurred on July 23, 1978 between the hours of 5:00 p.m. and 6:30 p.m. The fire started either in or around a lighted medicine cabinet located in a bathroom on a wall which was common to a second bathroom. The evidence further establishes that this light fixture was faulty and started the fire which damaged this house. There apparently was an arching of electricity within the junction box which ignited the paneling and insulation located immediately around the junction box.
It is not clear from plaintiff’s petition filed in this action whether he seeks to recover under the theory of tort or contract. When a party has been damaged by the conduct of another arising out of a contractual relationship, the plaintiff may have two remedies, a suit in contract, or an action in tort, and he may elect to recover his damages in either of the two actions. Federal Insurance Company v. Insurance Company of North America, 262 La. 509, 263 So.2d 871 (1972). This Court will treat this action as being in contract.
Actions on implied warranty are covered by Louisiana Revised Civil Code, Articles 2762 and 2769. An owner may recover under these Articles when a contractor fails to perform work in a workmanlike manner. A & M Pest Control Service, Inc. v. Fejta Construction Co., Inc., 338 So.2d 946 (La.App. 4th Cir.1976). The contractor and subcontractor are solidarily liable for any defective work of a subcontractor. Joyner v. Aetna Casualty & Surety Company, 259 La. 660, 251 So.2d 166 (1971).
Plaintiff is attempting to prove this case with evidence which is largely circumstantial in nature. If circumstantial evidence is used, in order to carry the burden of proof, the circumstantial evidence must exclude other reasonable hypotheses with a fair amount of certainty; however, this does not mean that the circumstantial evidence must negate all other possible causes. When taking all of the evidence, both circumstantial and direct, as a whole, proof is sufficient if the fact or causation sought to be approved is more probable than not. A & M Pest Control Service v. Fejta Construction Co., Inc., supra.
This Court finds that the faulty electrical fixture where the fire started had not been grounded properly. Mr. George Hero, III, an expert electrical engineer with expertise in the origin of fires, testified that one of the three wires located in the wall leading to the faulty electrical fixture had not been hooked up. Testimony established that this light worked prior to this fire. Mr. Hero deducted that in order for the light fixture to work, two of the three wires had to be hooked up properly, leaving the third wire which had to be a grounding wire not hooked up. Defendant, Sid Carroll, testified that he did not remember actually hooking up the ground wire but it was his normal procedure to hook up all ground wires. Plaintiff carried the burden of proof in showing that this faulty electrical outlet was not grounded when the fire occurred.
Mr. Hero’s testimony was uncontradicted that if the faulty electrical fixture had been properly grounded, the fire “probably” would not have occurred or would have been confined to the area within the fixture. The circuit breaker which was to act as the safety system by breaking the circuit as a result of the electrical current going through the ground wire, was not called upon to operate since there was no ground wire. Testimony establishes that if the circuit breaker had failed, the wires leading into the breaker would be burned; however, the wires leading into the breaker were not burned indicating that the.circuit breaker was not called upon to perform its *542 task or role in the safety system designed to prevent fires.
Defendants contend that since this fire was caused by a faulty fixture, failure to attach the ground wire, which fact they deny, did not cause the fire and therefore they have no liability. It is necessary for the failure to hook up this ground wire to be a cause-in-fact of the fire before liability can be determined.
An act will be found to have been a cause-in-fact of an accident only when, viewed in the light of all the evidence, it is concluded that it is a substantial factor without which the accident would not have happened. Ganey v. Beatty, 391 So.2d 545 (La.App. 3rd Cir.1980). In this case the accident is the fire. This Court finds that the fire would have damaged no more than the electrical box where it started had it not been for the fact that the ground wire was not connected.
Defendants cite Ganey v. Beatty, supra, to support their claim that since the alleged failure to connect the ground wire did not cause the initial fire, they have no liability. Actually, the Court in Ganey held that plaintiff would have suffered his damages regardless of defendant’s negligent acts concerning the condition of his property. Therefore, Ganey does not support defendants’ argument.
This Court finds the failure to hook up this ground wire to be a cause-in-fact of the damage suffered by this building outside the defective light fixture. To hold otherwise in this case would be tantamount to absolving from liability all parties installing equipment designed to prevent the spread of fires once they start.
Therefore, this Court finds defendants to be liable to plaintiff, Allstate, for $20,399.68 and to plaintiff, Janet Singletary, for $100.00. All costs are to be paid by defendants.
This Court will sign a judgment in accordance with these reasons when one is presented to it.