BYRNES, Judge.
This is an appeal from a judgment in favor of appellant Laura Kramer, and against Denny’s Inc. of California (hereinafter Denny’s) for injuries she received as a result of a fall in a Denny’s parking lot. We affirm.
On December 19, 1980, Mrs. Kramer and her husband ate at the Denny’s Restaurant in Metairie, Louisiana. As they left the restaurant the Kramers followed the sidewalk leading to the parking lot where their car was parked. This area was landscaped with plants and “lava rocks” which were used as a decorative ground covering. As Mrs. Kramer stepped down from the sidewalk onto the parking lot surface, she slipped on a lava rock and fell to the ground, injuring her ankle and mouth. This suit followed.
The liability of Denny’s in this situation is predicated on its duty to customers. That duty has been expressed in Bolin v. National Tea Co., 359 So.2d 690, 691 (La. App. 1st Cir.1978), writ denied 362 So.2d 577 (La.1978) as follows:
... A store keeper although not the insurer of the safety of his patrons, is required to exercise reasonable care to keep the aisles in his store in a safe condition, and must make a reasonable effort to keep the floor free of objects or substances which might cause someone to slip and fall. Once a customer has shown that there was a foreign substance on the floor which caused him to slip and fall and that he was injured as a result, a presumption that the store keeper was negligent arises. The storekeeper then has the burden of exculpating himself from the presumption, which he can do by proving that he was reasonably prudent in his effort to keep the floors in a reasonably safe condition and free from foreign objects and substances. Citing Kavlich v. Kramer, 315 So.2d 282 (La.1975). In addition, a storekeeper has a duty to keep areas away from display areas, such as a parking lot, in a reasonably safe condition, and may not permit hazardous conditions of which he has actual or constructive notice to exist; however, a patron in such area is charged with using reasonable care for his own safety and must see and avoid obvious hazards.
Denny’s introduced evidence at trial to show that it kept the parking lot in a reasonably safe condition by means of a regular schedule of clean up and inspections. The manager of the Denny’s testified that an inspection and/or clean up was conducted at regular intervals during a 24 hour period and that in addition, all employees were under general instructions to pick up debris in the parking lot when it was observed. A waitress corroborated this testimony. The manager further testified that the last inspection prior to Mrs. Kramer’s accident was conducted at approximately 5:00 p.m. However, no records were produced showing, a regular schedule of inspection and clean up. Moreover, photographs were introduced showing numerous lava rocks out of their beds and on the parking lot, indicating that clean up procedures were not adequate.
The trial judge did not feel the evidence offered by Denny’s was sufficient to exculpate it from the presumption of negligence which arose when Mrs. Kramer established that she slipped and fell on a foreign object in its parking lot. We cannot say that this conclusion was manifestly erroneous and therefore will not disturb it.
Appellant also contends that Mrs. Kramer’s negligence in not looking where she was going was the cause of her injury. We do not agree. At trial both the manager of the restaurant and a waitress testified concerning the circumstances surrounding the accident. While their testimo *151 ny was not identical, they indicated that the accident took place at approximately 5:30 P.M. All witnesses agreed that it was dusk when the accident occurred.
There was some dispute as to whether the lights in the parking lot were illuminated at the time of the accident. The manager of the restaurant testified that the lights were functional at the time but could not testify that they were actually illuminated at the time Mrs. Kramer fell. Both Mr. and Mrs. Kramer testified that the lights were not on.
The record established that the rock which caused the accident was near the edge of the curb separating sidewalk from parking lot, and was therefore not readily observable, particularly by the Kramers who approached from the sidewalk side of the curb. The height of the curb would tend to obscure a pedestrian’s view of objects near the edge. Given the time of day and the position of the rock we conclude that a reasonably prudent person would not have been able to observe it. We therefore agree with the trial judge that Mrs. Kramer was not negligent.
For the foregoing reason the judgment below is affirmed at appellant’s cost.
AFFIRMED.
REDMANN, C.J., concurs with reasons.