PRICE, Judge.
The plaintiff in this personal injury suit appeals the trial court judgment denying her claim for damages against the defendant grocery store in which she tripped and fell. The issue is whether the plaintiff has proved negligence and/or fault on the part of defendant in failing to maintain a safe exit to its premises.
The incident in question occurred at approximately 9:30 one morning when plaintiff, a 76-year-old woman, entered the Kroger store to buy a loaf of bread. After making her purchase, she proceeded to exit the premises with a small grocery sack in her hand and her purse over her arm. She was wearing flat shoes with a strap across the instep.
There are two entrance and exit doors in this particular store with a foyer in between. The foyer contained a large heavy mat which was allegedly located in front of the exit door. Upon approaching the second exit door, plaintiff tripped and fell on her right side, landing with part of her body inside the door and part of it out. One of her shoes had come off her foot and the strap was unbuckled. Plaintiff claimed she fell because she tripped over the heavy mat in front of the door. She filed this suit against Kroger, contending that the store’s exit was unsafe due to the presence of the unsecured mat. After trial on the merits, the lower court dismissed plaintiff’s claim without written reasons. Plaintiff appealed this judgment, maintaining that the store’s premises were unsafe.
We recognize that a storekeeper has an affirmative duty to exercise reasonable care to keep his floors in a safe condition. He is not, however, the insurer of the safety of his patrons. See Smith v. Reliance Insurance Company, 431 So.2d 907 (La. App. 2d Cir.1983) and cases cited therein.
In any event, plaintiff has the burden of proving by a preponderance of the evidence that a premise hazard caused her fall and her injury, whether recovery be predicated on negligence or strict liability. Johnson v. Insurance Company of *1177 North America, 360 So.2d 818 (La.1978). Plaintiff must at least establish prima facie case, i.e., that a hazardous condition existed and that it caused his injury. Albritton v. J.C. Penney Co., Inc., 385 So.2d 549 (La.App. 3d Cir.1980), writ denied 393 So.2d 727 (La.1980). That burden of proof was not met in the instant case.
Plaintiff testified that she had been in and out of this particular store many times before the day of the accident. As she exited the store on the day of the incident, she was carrying only her purse and a small grocery sack. At trial she testified simply that she tripped on the mat and fell through the door. She admitted in deposition that she could not honestly say the mat was buckled or folded causing her to trip on it since she did not see the mat before or after she fell.
The assistant manager of the store testified that, upon the occurrence of the accident, she checked the foyer for spills or debris, but saw none. She did notice that plaintiff had one shoe off and one shoe on. She further testified that she did not recall where the mat was at the time of the accident, but it was normally placed in front of the entrance, since its purpose was to collect excess dirt and water from the shoes of patrons as they entered the store. The Kroger employee in charge of maintenance testified that he saw the plaintiff lying in the doorway after her accident, but noted nothing out of the ordinary with regard to the foyer’s condition. It was his impression that the mat was in its proper place in front of the entrance, but he could not so testify with certainty. There were no eyewitnesses to plaintiff’s fall.
There is nothing in the evidence to demonstrate that the mat, even if it had been positioned in front of the exit door, was awry or created an unusual risk of harm. Therefore, although we are cognizant of the high duty of store owners to their patrons to maintain their doors in a reasonably safe condition, we find no breach of that duty has been proven by this plaintiff. There is likewise no evidence to show that the mat itself constituted a premise hazard. Plaintiff must establish custody, causation, and defectiveness in order to recover under strict liability. Smith v. Reliance Insurance Company, supra.
The mat is constructed of a heavy rubber backing which clings to the floor, with a carpet overlay ending approximately one and a half inches from the outer edge of the mat. The rubber outer edge of the mat tapers down to a very thin width so that it initially rises less than a quarter of an inch off the floor. Due to the heavy rubber backing, the mat does not crumple or fold easily. Nor is it likely one’s foot would slide underneath this mat.
We conclude plaintiff’s evidence does not constitute a showing that the mat was defective, i.e., unreasonably dangerous to normal use. Plaintiff has further failed to establish that the mat was a causative factor in her fall, since it would be equally reasonable to conclude that plaintiff’s loss of her shoe caused her fall. Therefore, we cannot say that the trial court erred in concluding that plaintiff failed in her burden of proof and in denying plaintiff’s claim for damages.
For the foregoing reasons, the judgment appealed is affirmed. All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.