493 So.2d 719 (1986)
Jessie G. DAVIS, Plaintiff-Appellant,
v.
WINNINGHAM DATSUN-VOLVO, INC. and National Dealers Services, Inc., In Solido, Defendants-Appellees.
No. 18,005-CA.
Court of Appeal of Louisiana, Second Circuit.
August 20, 1986.
*720 C. William Gerhardt & Assoc. by C. William Gerhardt, Shreveport, for plaintiff-appellant.
Cook, Yancey, King & Galloway by Benjamin C. King, Jr., Shreveport, for defendants-appellees.
Before HALL, FRED W. JONES and LINDSAY, JJ.
HALL, Chief Judge.
In this action for damages for personal injuries sustained as a result of a "slip and fall" on a concrete driveway at a car dealership, plaintiff, Jessie G. Davis, appeals from the judgment of the trial court in favor of the defendant, Winningham Datsun-Volvo, Inc. and its alleged insurer, National Dealers Services, Inc.,[1] dismissing the plaintiff's claims. At issue is whether the trial court erred in finding that the defendant-dealership was not negligent in its maintenance of the premises and that the plaintiff's negligence was the cause of the accident. For the following reasons, we affirm the judgment of the trial court.

FACTS
On September 28, 1983, plaintiff, an eighty-two year old woman, accompanied her daughter and grandson to the defendant's car dealership in order to have her grandson's automobile repaired. After waiting at the dealership all afternoon, they were informed that repairs on the automobile would not be completed on that day. In order to call a relative for transportation from the dealership, the parties had to proceed to a different area of the dealership to use the telephone. The dealership consists essentially of two buildings under one roof with a covered concrete driveway between the buildings. Cars *721 were ordinarily parked temporarily in the driveway while the service tickets were being written up before proceeding into the service department for repairs. It was necessary to go across the driveway when walking back and forth between the two buildings. Plaintiff had crossed the driveway earlier in the day.
Plaintiff's daughter crossed the driveway first followed by the plaintiff and her grandson. There were no cars parked in the driveway at that time. As plaintiff stepped off the curb onto the driveway, her foot slipped, allegedly on a foreign substance, and she fell face forward onto the concrete.
Plaintiff later instituted this action generally alleging that the accident was caused by the fault of the defendant in failing to keep the premises in a safe condition and free from foreign substances in the public areas.
At the trial on the merits, plaintiff and her family testified that there was a puddle of a foreign substance, green in color and approximately two to three feet in diameter, on the driveway near the curb. The substance was identified as most probably being anti-freeze. Plaintiff stated that she did not see the puddle before she fell and that the substance wet her clothing when she fell. Plaintiff's daughter testified that she saw the puddle and she stepped over it when crossing the driveway. She stepped down from the curb and then stepped over the puddle. Plaintiff's daughter and grandson both testified that the substance was on the plaintiff's clothing after her fall.
Three employees of the defendant testified at trial that they did not see any foreign substance on the driveway when the plaintiff fell. Their testimony indicated that the driveway is frequently crossed by the defendant's employees during the course of a day, that the area is inspected for spills from automobiles, and such spills were promptly removed. The testimony established that due to the hazard that such a spill would present, a porter was required to regularly inspect the driveway and clean-up any spills. Defendant's porter, Frank Ruffins, testified that part of his job duties required him to keep the premises clean and that he normally patrolled the driveway to inspect for spills and to move automobiles into the service area. Ruffins testified that during the course of a work day he would pass by the driveway approximately every ten to fifteen minutes. The defendant's witnesses testified that they did not observe any foreign substance on the driveway either immediately before or after the plaintiff's fall. The service advisor who helped plaintiff up testified there was no foreign substance on the driveway and the pavement was dry.
Plaintiff jammed several fingers, cut her knee and injured her right shoulder as a result of the fall. Plaintiff's treating physician, Dr. Thomas Edwards, indicated that the shoulder injury was most likely a rotator cuff tear. However, the diagnostic test for this condition, an arthrogram, was not performed as it was an invasive procedure. As Edwards' believed that due to plaintiff's age surgery to correct this condition would not be beneficial, he did not feel that it was necessary to subject plaintiff to this diagnostic procedure. Edwards stated that the surgery was very significant with a difficult recovery and rehabilitation period. Plaintiff had experienced a previous rotator cuff injury in her left shoulder in 1980 and the surgery on that shoulder had not achieved good results. In fact, that shoulder was in worse condition than the newly injured shoulder. Plaintiff received conservative treatment, medication and exercise, for her injury. Plaintiff was assigned a 25% disability for the injury, primarily due to the limitation of movement above shoulder level. The testimony established that plaintiff, a seamstress, was no longer able to sew and experienced difficulties in such tasks as dressing or brushing her hair.

TRIAL COURT JUDGMENT
After reviewing the evidence, the trial court noted that the issue of whether there was foreign substance on the driveway was a hotly disputed issue. However, the court *722 declined to make a factual determination on this issue, finding that it was not necessary to the outcome of the litigation as the court found that the inspection and clean-up procedures employed by the defendant were reasonable. Thus, even if there was a foreign substance on the driveway, it did not present an unreasonable risk of harm and the defendant was not negligent. Assuming there was such a substance on the driveway, the court found that the plaintiff should have seen it before she stepped from the curb and avoided it. There was nothing to distract the plaintiff's attention, such as might be found on the inside of a store. Under these circumstances, the court found that the plaintiff was negligent in failing to observe the foreign substance and that her negligence was the cause of the accident.

ASSIGNMENTS OF ERROR
On appeal, plaintiff-appellant asserts the following assignments of error:
1. The trial court erred in not finding that there was a foreign substance on the driveway where the plaintiff fell and that the substance presented an unreasonable risk of harm which caused the plaintiff's fall;
2. The trial court erred in finding that the inspection and clean-up procedures employed by defendant were reasonable and that defendant was not negligent; and
3. The trial court erred in finding that the plaintiff's negligence was the cause of the accident and in not awarding damages to plaintiff.

APPLICABLE LEGAL PRINCIPLES
It is well-settled that due to the better capacity of the trier of fact to evaluate live witnesses as opposed to reviewing a cold record, when there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the findings of the trial court, on review the appellate court should not disturb this factual finding in the absence of manifest error. The reviewing court must give great weight to the factual conclusions of the trier of fact and where there is conflict in the testimony, reasonable inferences of fact and reasonable evaluations of credibility should not be disturbed on review even though the appellate court may feel that its own evaluations and inferences are as reasonable. See Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), and Watson v. State Farm Fire and Cas. Ins. Co., 469 So.2d 967 (La.1985).
The owners or proprietors of businesses who permit the public to enter their establishments have a duty to exercise reasonable care to protect those who do enter, which duty extends to keeping the premises safe from unreasonable risks of harm or warning persons of known dangers. Rodriguez v. New Orleans Public Serv., Inc., 400 So.2d 884 (La.1981).
Fault is the basis of recovery in a slip and fall action and each slip and fall case must be determined in the light of its own particular circumstances. Proof of an accident is not proof of fault. Johnson v. Tayco Foods, 475 So.2d 65 (La.App. 2d Cir.1985), writ denied, 478 So.2d 149 (La. 1985) and citations therein.
Under Louisiana "slip and fall" jurisprudence, although a storekeeper is not the insurer of the safety of its patrons, and does not have to keep the aisles, passageways, and floors in perfect condition, he is required to exercise care to keep the premises in a reasonably safe condition, which duty includes the performance of reasonable precautionary measures to keep travelled areas free of foreign substances. The storekeeper must make a reasonable effort to keep the floor free of objects or substances which might cause someone to slip and fall. The duty of a store owner to protect patrons from foreign substances is one of reasonable care under the circumstances. Additionally, the storekeeper has a duty to keep areas other than display areas in a reasonably safe condition and may not permit hazardous conditions of which he has actual or constructive notice *723 to exist. However, a patron in such an area is charged with using reasonable care for his own safety which includes observing and avoiding obvious hazards.
Once a patron establishes a prima facie case by showing that a foreign substance was on the floor which caused the plaintiff to slip and fall and that he was injured as a result, a presumption that the storekeeper was negligent then arises. The burden of proof then falls upon the defendant-storekeeper to exculpate himself from the presumed negligence. The storekeeper may avoid liability only by establishing that he was free from fault and exercised reasonable care in protecting his patrons from foreign substances. Reasonable care is exercised when the storekeeper takes reasonable protective measures, including periodic inspections and clean-ups, to keep the floors free from substances or objects which may cause a customer to fall. The determination of whether the protective measures have been reasonable is largely dependent upon the particular circumstances of each case, taking into consideration the type and volume of the merchandise, the volume of business, the time of day, the section or area of the store, and other pertinent considerations. The degree of vigilance must be commensurate with the risk involved as determined by the above considerations. If the evidence presented is sufficient to establish that the storekeeper has carried his burden, then the presumption of negligence will be rebutted and the defendant will be exonerated from liability. See Kavlich v. Kramer, 315 So.2d 282 (La.1975); Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La.1976); Brown v. Winn-Dixie Louisiana, Inc., 452 So.2d 685 (La.1984); Taylor v. Kroger Co., Inc., 449 So.2d 1175 (La. App. 2d Cir.1984); Wilson v. Wal-Mart Stores, Inc., 448 So.2d 829 (La.App. 2d Cir.1984); Smith v. Reliance Ins. Co., 431 So.2d 907 (La.App. 2d Cir.1983); Lindsay v. Brookshire Grocery Co., 415 So.2d 241 (La.App. 2d Cir.1982), writ denied, 420 So.2d 164 (La.1982); Edwards v. Piggly Wiggly Operators, 401 So.2d 493 (La.App. 2d Cir.1981); Core v. Winn-Dixie of Louisiana, Inc., 471 So.2d 240 (La.App. 1st Cir.1985), writ denied, 476 So.2d 353 (La. 1985); Mitchell v. Travelers Ins. Co., 464 So.2d 404 (La.App. 1st Cir.1985); Van Lieu v. Winn-Dixie of Louisiana, 446 So.2d 1362 (La.App. 1st Cir.1984); Dulaney v. Travelers Ins. Co., 434 So.2d 578 (La.App. 1st Cir.1983); Kinchen v. J.C. Penney Co., Inc., 426 So.2d 681 (La.App. 1st Cir.1982); McGuire v. National Super Markets, Inc., 425 So.2d 1315 (La.App. 1st Cir.1983); Ruffin v. Trapp Chevrolet Inc., 424 So.2d 1192 (La.App. 1st Cir.1982); Bolin v. National Tea Co., 359 So.2d 690 (La.App. 1st Cir. 1978), writ denied, 362 So.2d 577 (La.1978); Arnold v. T.G. & Y. Stores Co., 466 So.2d 529 (La.App. 3d Cir.1985), writ denied, 470 So.2d 126 (La.1985); Albritton v. J.C. Penney Co., Inc., 385 So.2d 549 (La.App. 3d Cir.1980), writ denied, 393 So.2d 727 (La. 1980); Blanchard v. Schwegmann Giant Super Markets, 463 So.2d 616 (La.App. 4th Cir.1984); Baldwin v. Schwegmann Giant Super Markets, 449 So.2d 167 (La.App. 4th Cir.1984), writ denied, 450 So.2d 967 (La. 1984); Kramer v. Denny's Inc. of California, 449 So.2d 149 (La.App. 4th Cir.1984); Robinson v. F.W. Woolworth & Co., 420 So.2d 737 (La.App. 4th Cir.1982); Peralta v. Schwegmann Bros. Gt. Supermkts., Inc., 406 So.2d 720 (La.App. 4th Cir.1981), writ denied, 410 So.2d 762 (La.1982); Smith v. Winn Dixie Stores of Louisiana, Inc., 389 So.2d 900 (La.App. 4th Cir.1980), and numerous citations therein.

LIABILITY OF DEFENDANT
The primary issue before this court on appeal is whether the trial court erred in finding that defendant was not negligent in that its inspection and clean-up procedures were reasonable, and that plaintiff's negligence was the cause of the accident.
As noted above, the trial court declined to decide the factual question as to whether or not there was in fact a foreign substance on the concrete driveway which caused the plaintiff's slip and fall. Plaintiff contends that this was error on the part of the trial court. We disagree.
*724 As stated in the jurisprudence discussed earlier, while a defendant-proprietor is not the insurer of the safety of its patrons, he must keep premises in a reasonably safe condition. The necessary precautionary measures to keep the floors, entryways, and passageways free of substances and objects which might cause a patron to slip and fall include periodic inspection and cleanup procedures. The reasonableness of the safety precautions depends on the particular circumstances of each case.
In the instant case, the trial court found that defendant had met its duty of using reasonable care to maintain the premises in a safe condition. The defendant was aware of the hazard that a foreign substance would create on the well-travelled driveway and employed a porter to regularly inspect for spills and to clean up any spills which were found. The porter checked the driveway approximately every ten to fifteen minutes during the course of a day. The porter testified that on the date of the accident, he was in the area about ten to fifteen minutes preceding the plaintiff's fall and did not see any foreign substance. As the trial court was satisfied that defendant had undertaken reasonable precautionary measures and thus was not negligent, it was not then necessary to make a factual determination as to the presence of a foreign substance. In other words, the trial court concluded that defendant was not negligent, whether or not there was a foreign substance present on the driveway.
After reviewing the record, this court notes that there was a conflict in the testimony as to the presence of a foreign substance. Although plaintiff and her family stated there was a puddle of anti-freeze or some other substance, three of the defendant's employees indicated that there was no foreign substance either before or after the fall on the driveway. Assuming, however, that plaintiff showed that there was a foreign substance which caused her fall, the finding of the trial court that defendant had successfully rebutted the presumption of negligence and was not negligent was not clearly wrong. The defendant maintained a fairly stringent regular inspection and clean-up procedure to guard against any spills. The accident apparently occurred within ten or fifteen minutes of one such inspection and thus, any spill on the driveway had only been there for quite a brief period of time. Further, the testimony of plaintiff's witnesses indicated that the substance was a readily-apparent spill, green in color, approximately two to three feet in diameter. The spill was located on the driveway near the curb. Plaintiff's daughter crossed the driveway first, observed the spill, and was able to step over it. This spill would most likely have been observed by the defendant's employees on their usual rounds thus lending further support to the trial court's apparent conclusion as to the recent origin of the spill.
Although a finding that the defendant was not negligent would ordinarily eliminate the need for a consideration of the plaintiff's negligence, the trial court found that the plaintiff's negligence was the cause of the accident. There is ample evidence to support this conclusion. The puddle, according to plaintiff's witnesses, was apparent when traversing the driveway and was observed and avoided by the plaintiff's daughter. There was nothing to distract the plaintiff's attention from the driveway such as a store display. Thus, based upon the record in its entirety, it appears that the accident was caused by the inattentiveness of the plaintiff in failing to take precautions to protect herself and not due to any fault attributable to the defendant.
For these reasons, the judgment of the trial court is affirmed at the costs of the plaintiff-appellant.
AFFIRMED.
NOTES
[1] No evidence was offered to prove that National Dealers Services, Inc. was in fact the liability insurer of the defendant auto dealership and, at the conclusion of plaintiff's evidence, plaintiff's case was dismissed as to National Services.