550 So.2d 733 (1989)
Janie MORGAN, Plaintiff-Appellant,
v.
STANLEY STORES, INC. and Employers Casualty Company, Defendants-Appellees.
No. 20730-CA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 1989.
*734 Birdia Greer Pitts, Shreveport, for plaintiff-appellant.
Rountree, Cox & Guin, Dale G. Cox, Shreveport, for defendants-appellees.
Before SEXTON, LINDSAY and HIGHTOWER, JJ.
HIGHTOWER, Judge.
This is a slip and fall case in which plaintiff established that a foreign substance on the floor caused her to fall and sustain injuries. The primary issue is whether defendants presented the proof necessary to exculpate themselves from liability. The trial court, finding exculpation, ruled in favor of the defendants. We affirm.
On May 3, 1986, Janie Morgan entered Price Lo Foods, a large warehouse-type grocery outlet located in Shreveport. Upon walking to a display of Crisco cooking oil located near the front of the store, Mrs. Morgan slipped in a large puddle of oil, fell to the floor and was injured.
Tom Bullock, an assistant store manager who was called to the accident scene, found an empty plastic Crisco bottle, a bottle cap, and a safety ring tab lying on the floor near the puddle of oil in which Mrs. Morgan slipped. The bottle was not cut, cracked or otherwise damaged.
Testimony indicated that in order to open a bottle of Crisco oil like the one found, it was necessary to first remove the screw-type plastic cap from the bottle and then pull out a safety ring tab underneath the cap.
Considering both the fact that the components of the unbroken bottle were found next to the spill and the fact that the bottle was constructed in such a way that accidental opening was extremely unlikely, if not impossible, there can be little doubt that the oil was spilled as the result of an intentional act, rather than as the result of an accident.

THE PRESUMPTION OF NEGLIGENCE
After a plaintiff proves a foreign substance on a self-service convenience store's floor caused him to fall and sustain injury, the burden of proof shifts to the store to exculpate itself from the presumption that it was negligent. The result of this shift in the burden of proof is to relieve the plaintiff of the burden of showing the defendant's actual or constructive knowledge of the spill. McCardie v. Wal-Mart Stores, Inc., 511 So.2d 1134 (La. 1987); Brown v. Winn-Dixie Louisiana, Inc., 452 So.2d 685 (La.1984); Kavlich v. Kramer, 315 So.2d 282 (La.1975).
To achieve exculpation from the presumption of negligence, the store owner has a two-fold evidentiary task of showing: (1) his employees did not cause the hazard; and (2) he exercised such a degree of care that a hazard caused by customers would have become known under most circumstances. McCardie, supra; Brown, supra.

A. EMPLOYEE NEGLIGENCE
In order to meet the evidentiary burden of showing that none of its employees caused the cooking oil spill in this case, *735 the defendant store presented testimony from all of its employees who were on duty at the time of the spill and still employed by defendant at the time of trial. These witnesses all testified that they did not cause the spill, and that they saw no one else cause the spill. Some of the employees who were on duty at the time of the accident, however, had left the employ of the store several months or more prior to the trial and did not testify. Thus, the question arises whether the failure of the store owner to call those former employees to testify prevents the defendant from exculpating itself from the presumption that it was negligent. We answer that question in the negative.
Although the store owner had the burden of proving that the spill did not result from employee negligence, that burden could be carried by sufficient evidence, whether in the form of employee testimony or otherwise.[1] As previously noted, the evidence in this case leads to the conclusion that the spill was not caused by negligence at all, but by an intentional act. Thus, the store owner was able to carry its burden in regard to employee negligence without the testimony of the former employees.
Furthermore, while the intentional spill more likely would have been the deed of a nonemployee, even if an employee had intentionally spilled the oil the owner would not be vicariously liable. An employer is not vicariously liable merely because an employee commits an intentional tort on the premises during work hours. Bradley v. Humble Oil & Refining Co., 163 So.2d 180 (La.App. 4th Cir.1964); see also LeBrane v. Lewis, 292 So.2d 216 (La.1974). Instead, vicarious liability will attach only if the employee is acting within the ambit of his assigned duties and also in furtherance of his employer's objectives. Scott v. Commercial Union Ins. Co., 415 So.2d 327 (La.App.2d Cir.1982). Needless to say, intentionally pouring cooking oil on the floor of the store could in no way have furthered the employer's objectives in this case.

B. ADEQUATE INSPECTION AND CLEANUP PROCEDURE
Evidence also was introduced by the store concerning the adequacy of its inspection and cleanup procedures. While the only regularly scheduled cleanup was conducted just prior to opening each day, there were regular inspections, along with additional cleanups as needed. A manager or assistant manager walked the store at least once every hour checking for spills. In fact, the assistant manager on duty at the time of the accident testified that he walked the store constantly, and covered the entire store every thirty minutes. Furthermore, the security guards also patrolled the entire store at least once every hour, and looked for spills as they proceeded. Finally, the store employed buggy boys who (in addition to moving grocery carts from the parking lot into the store) did cleanup either as directed or as they observed a spill.
The trial court, citing McCardie, supra, held that the defendant, by a preponderance of the evidence, had exculpated itself from liability in this case. It was stated that the defendant's evidence had impressed the court, and that it would be contrary to the intention of McCardie to penalize the defendant simply because it was unable to produce those employees who were on duty at the time of the incident but no longer employed by the store. Thus, it follows that, in considering the McCardie two-fold burden and then exculpating the defendant, the trial court found the store's inspection and cleanup procedures to be adequate.
When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable basis for the trial court's finding, on review an appellate court should not disturb this factual finding in the absence of manifest error. Petersen v. State Farm Auto Insurance Co., 543 So.2d 109 (La.App. 3rd *736 Cir.1989). Considering the inspection and cleanup procedures employed by the defendant, we cannot conclude that the trial court was manifestly erroneous in finding that the defendant's inspection and cleanup procedures were adequate. Also, as expressed below, we find a separate ground for concluding that the store owner is not liable to plaintiff in this regard.

CAUSATION
The initial inquiry in a duty-risk analysis is whether any causal relationship existed between the harm which resulted to the plaintiff and any allegedly negligent conduct on the part of the defendant. Without a causal relationship between such harm and such conduct, there can be no recovery. Lindsay v. Brookshire Grocery Company, 415 So.2d 241 (La.App. 2d Cir. 1982), writ denied, 420 So.2d 164 (La.1982).
As stated in Prosser, Law of Torts, § 41, at 238 (4th Ed.):
[A]n act or an omission is not regarded as a cause of an event if the particular event would have occurred without it. A failure to fence a hole in the ice plays no part in causing the death of runaway horses which could not have been halted if the fence had been there. A failure to have a lifeboat ready is not a cause of the death of a man who sinks without trace immediately upon falling into the ocean.... The presence of a railroad embankment may be no cause of the inundation of the plaintiff's land by a cloudburst which would have flooded it in any case.
From such cases many courts have derived a rule, commonly known as the "but for" or "sine qua non" rule, which may be stated as follows: The defendant's conduct is not a cause of the event, if the event would have occurred without it.
In the instant case, inspection and cleanup procedures of the store owner, even if assumed arguendo to be inadequate, cannot be regarded as a cause of the defendant's accident in that the accident would have occurred even in the presence of unquestionably adequate procedures. The assistant manager testified that he was in the area in which the spill occurred not more than five minutes before the accident and observed no spill at that time. Moreover, he was in that area of the store in fulfillment of his job duty of walking the store to check for spills.
The plaintiff herself testified that almost a whole bottle of oil had spilled and the puddle was large, that the spill was in the middle of the aisle, and that the color of the oil was different from the color of the floor. Thus, the fact that the assistant manager inspected the very area in which the spill occurred not more than five minutes before the accident, under circumstances in which the spill almost certainly would have been detected, demonstrates the absence of a causal relationship between the harm suffered by plaintiff and the adequacy of overall inspection and cleanup procedures.
No court would require a store owner to continuously inspect the entirety of its premises at five minute intervals. Such an unreasonably strict standard would, for all practical purposes, make the store owner an insurer of his patron's safety. And, more to the point, even if such extravagant procedures had been employed in this case, the oil spill still would not have been detected prior to the accident which apparently occurred less than five minutes after this very area had been inspected. Therefore, we find that the procedures employed were not a cause-in-fact of the defendant's injuries.
Based on this record, the store successfully exculpated itself from the presumption of negligence by showing that no employee negligently caused the spill, and that its inspection and cleanup procedures were adequate. Moreover, the procedures in any event were not a cause-in-fact of the accident. We thus conclude that the store owner is not liable to plaintiff.

AMENDMENT OF THE JUDGMENT
Defendants filed an answer to the appeal in which they point out that the judgment rendered by the trial court inadvertently rejects plaintiff's claims only with regard *737 to the defendant, Stanley Stores, Inc., and fails to mention the store's insurer, Employer's Casualty Company, also a defendant. Therefore, the judgment is hereby appropriately amended.
For the reasons set forth above, the judgment of the trial court rejecting plaintiff's claims is affirmed. The judgment is amended to include Employer's Casualty Company as a defendant in favor of whom judgment is rendered. Plaintiff-appellant is cast to pay all costs.
AMENDED AND AFFIRMED.
NOTES
[1] The provisions of LSA-R.S. 9:2800.6, apparently enacted in response to McCardie, supra, have no application in this case. Although the statute is instructive concerning which employees should testify in a case such as this, its effective date was July 18, 1988, several months after the trial on March 31, 1988.