LOBRANO, Judge.
Winn-Dixie of Lousiana, Inc. (Winn-Dix-ie) appeals a judgment rendered in favor of Patricia Barnes as a result of Barnes’ slip and fall accident while a customer at its store. The court awarded Barnes damages in the amount of $1,232.00, plus legal interest and all costs.
On appeal, Winn-Dixie urges two errors. First, it asserts that there is insufficient evidence to conclude that Barnes did in fact fall in the store, and second, assuming a fall did occur, then Winn-Dixie exculpated itself from liability.
On the morning of November 30, 1984, Barnes entered the Winn-Dixie store on St. Bernard Avenue and Galvez Street with the intention of purchasing some Ragu spaghetti sauce. While walking in aisle eight, the aisle nearest the spaghetti display, Barnes testified she slipped in a puddle of clear liquid wax and fell to the floor injuring her right knee. Although her testimony is not clear, the accident apparently occurred around ten o’clock in the morning.
Lawrence Amadee, the store manager, arrived soon after plaintiff’s fall and discovered a container of Johnson’s Future Floor Wax on a shelf behind the spaghetti products. Harry Parker, an ex Winn-Dixie employee, agreed that there was a puddle of wax on the floor, and that the container was located on the shelf. Plaintiff testifed that the container was located on the floor under the display shelves. Amadee and Parker’s testimony is undisputed that the *970 container was about two-thirds full and the cap was tightly secured. That testimony strongly suggests that the wax was intentionally placed on the floor and the container purposely concealed from view.
This case was tried on June 23, 1988, thus the rule of McCardie v. Wal-Mart Stores, Inc., 511 So.2d 1134 (La.1987) is applicable.[1] The McCardie court, relying on its prior holding in Brown v. Winn-Dixie Louisiana, Inc., 452 So.2d 685 (La.1984), held that, in a slip and fall case, the plaintiff must first prove that a foreign substance on the store’s floor caused him to fall. Once that is proven, the burden then shifts to the defendant to exculpate itself from the presumption of negligence. The evidentiary task of the store owner is twofold. First, he must show that his employees did not cause the spill, and second that he exercised such a degree of care that he would have known of the hazard under most circumstances. The latter burden is often referred to as the the inspection and clean-up procedure. In McCardie the court held that, because the defendant failed to call many of the employees who could have caused the spill, it had not satisfied its burden.
With respect to Winn-Dixie’s first argument, we find no manifest error in the trial court’s determination that plaintiff fell as a result of the wax on the floor. Her testimony to that effect is corroborated to a certain extent by the fact that both Ama-dee and Parker testified there was wax on the floor when they arrived and that Ama-dee was alerted by another customer or an employee that someone had in fact fallen. Although they testified that there was no evidence that the puddle of wax had been disturbed, this alone is not sufficient reason to disturb the trial court’s findings on this point.
Having concluded that plaintiff fell on a foreign substance, the burden then shifts to Winn-Dixie to exculpate itself. Both Amadee and Parker testified on behalf of Winn-Dixie. Focusing on the rulings of McCardie, supra, we would be inclined to say that there was insufficient evidence to “disprove” the negligence presumption imposed on Winn-Dixie. However, Winn-Dixie argues that because the evidence clearly shows that the wax was intentionally placed on the floor they have satisfied the McCardie burden that their employees were not negligent. In support there of they cite the recent case of Morgan v. Stanley Stores, Inc., 550 So.2d 733 (La.App. 2nd Cir.1989).
In Morgan our brethern of the second circuit held that a defendant store-owner may satisfy the McCardie burden by proving that the foreign substance in which plaintiff fell was placed there intentionally, rather than as a result of employee negligence. In that case, plaintiff fell in Crisco cooking oil. The evidence revealed that an empty Crisco bottle, a bottle cap and a safety ring tab was found near the puddle where plaintiff fell. The bottle was not cut, cracked or damaged. The court concluded that the spill was the result of an intentional act, thus the store-owner’s failure to call more of its former employees was not necessary to satisfy its burden.
We agree with the holding of Morgan and believe it is applicable to the instant case. Everyone agrees that the wax container was found in the spaghetti section of the store. It was two-thirds full, and the cap was tightly secured. Although there is conflicting testimony about its exact location, it is clear that there was an attempt to conceal it from view. Amadee testified that the wax was not the same industrial wax that Winn-Dixie uses on its floors and he is emphatic that the floors are waxed at night after the store is closed. Thus, we are satisfied that the evidence supports the conclusion that the wax was intentionally placed on the floor and not the result of employee negligence. Furthermore, as Morgan also states, "... while the intentional spill more likely would have been the deed of a nonemployee, even if an employee has intentionally spilled the oil the own *971 er would not be vicariously liable.” Id. at 734.
We now turn to Winn-Dixie's second exculpatory task, proof of adequate cleanup and inspection procedure. Amadee testifed that he was responsible for inspecting and maintaining cleanliness in the store. He personally conducted an inspection every thirty to forty-five minutes. All employees were instructed to be aware of possible hazards and foreign objects on the floor. Part time employees were always on duty to perform clean-up work.
The store opened at eight that morning. Prior to opening all the floors were buffed. The accident occured at ten. Amadee testified he was in the spaghetti section checking a price about two minutes prior to Barnes’ fall and there was nothing on the floor.
We are satisfied that Winn-Dixie carried its burden of proving adequate clean-up procedures. We are of the opinion the trial judge erred in this respect,[2] and accordingly reverse the trial court judgment.
For the reasons assigned, the judgment is reversed.
REVERSED AND RENDERED.

. In response to the McCardie decision, the legislature enacted the provisions of La.R.S. 9:2800.6. However its effective date was July 18, 1988 subsequent to the trial of this matter.

. When this case was tried, the trial judge did not have the benefit of Morgan v. Stanley Stores, Inc., supra, as that case had not yet been decided. We believe that decision sheds considerable insight into the store-owner’s burden under Brown and McCardie.