556 So.2d 240 (1990)
Alice J. ESTES, et al., Plaintiffs,
v.
The KROGER COMPANY and Continental Casualty Company, Defendants.
NO. 21129-CA.
Court of Appeal of Louisiana, Second Circuit.
January 24, 1990.
Writ Denied April 6, 1990.
*241 Rellis P. Godfrey, Shreveport, for plaintiffs-appellants.
Lunn, Irion, Johnson, Salley & Carlisle, James Mijalis, Shreveport, for intervenor-appellant Blue Cross, Blue Shield.
Mayer, Smith & Roberts, Vicki C. Warner, Shreveport, for defendants-appellees.
Before HALL, C.J., and LINDSAY and HIGHTOWER, JJ.
HIGHTOWER, Judge.
In this accident case, plaintiff alleges that a beet leaf on the floor of a grocery store check-out lane caused her to slip and fall. The trial court, finding the evidence did not support that allegation, granted judgment for the store owner and its insurer, the defendants. We affirm.

FACTS
At approximately 10:45 a.m. on July 9, 1987, plaintiff, Mrs. Alice J. Estes, age 61, entered the Kroger Store on Nelson Street in Shreveport. After picking up a loaf of bread and a gallon of milk, she proceeded to the express check-out lane and, while waiting in line, fell to the floor.
The cashier, Kimberly Davis, promptly reacted by offering aid and seeking assistance from other store personnel. An ambulance was called and plaintiff was transported to a local hospital, where she eventually spent eight days. The cashier found a beet leaf in the general vicinity of the mishap and apparently surmised that it may have caused plaintiff to fall.
As a result of the accident, plaintiff suffered a broken left hip which was surgically treated by a total hip replacement. A recuperative period of several months followed, and a degree of disability purportedly persists.
Plaintiff and her husband filed suit against defendants on March 16, 1988 and sought recovery for her injuries. Mr. Estes, whose poor health had previously made him dependent on his wife, sought damages for impairment of family life. Unfortunately, about seven months after the litigation commenced, Mr. Estes died. His wife was then substituted as party plaintiff to pursue his claim.
Louisiana Health Service and Indemnity Company, d/b/a Blue Cross/Blue Shield of Louisiana, intervened to assert a subrogation claim to the extent of medical expenses it had paid pursuant to a comprehensive major medical contract issued to plaintiff. That subrogation arose by virtue of a policy provision, and plaintiff's numerous exceptions to the intervention were overruled.
Following trial in January 1989, the trial judge rejected plaintiff's demands in a written opinion. Judgment was signed on February 21, and this appeal by plaintiff and intervenor ensued.

DISCUSSION

A.
The duty of a store owner to protect customers from hazards created by foreign substances is one of reasonable care under the circumstances. Arnold v. T.G. & Y. Stores Co., 466 So.2d 529 (La. App. 3rd Cir.1985), writ denied, 470 So.2d 126 (La.1985). However, the store owner is not the insurer of his customer's safety and is not required to keep the floors of entranceways, aisles, and passageways in perfect condition. Davis v. Winningham Datsun-Volvo, Inc., 493 So.2d 719 (La. App. 2d Cir.1986); Johnson v. Tayco Foods, 475 So.2d 65 (La.App. 2d Cir.1985), writ denied, 478 So.2d 149 (La. 1985); Saucier v. Winn-Dixie Louisiana, Inc., 499 So.2d 1033 (La.App. 3rd Cir.1986). Under our jurisprudence, to establish a prima facie case a plaintiff is required to prove (1) that a foreign substance created a hazard on the floor, (2) that he stepped in or onto the foreign substance, and (3) that it caused him to slip and suffer injury. Doming v. K-Mart Corporation, 540 So.2d 400 (La.App. 1st Cir.1989). In essence, the plaintiff must initially establish causation. Only then does the inference of negligence arise and shift the burden to the store owner to exculpate himself from the presumption *242 that he was negligent. Ritchie v. S.S. Kresge Co., Inc., 505 So.2d 831 (La. App. 2d Cir.1987), writ denied, 507 So.2d 227 (La.1987); Doming, supra.
In the present case, the trial court concluded that plaintiff failed to prove that the beet leaf caused her to fall. Of course, it is well established that a trial court's finding of fact may not be set aside on appeal in the absence of manifest error or clear wrongness, and where there is conflict in the testimony, reasonable inferences of fact should not be disturbed on review. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), on remand, 370 So.2d 1262, (La. App. 3rd Cir.1979), writ denied, 374 So.2d 660 (La.1979). If trial court findings are reasonable in light of the entire record, an appellate court may not reverse, and a factfinder's choice between two permissible views of the evidence cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). Causation is a fact question on which the trial judge's finding cannot be disturbed absent manifest error. Norris v. Pool Well Service, Inc., 460 So.2d 1117 (La.App. 2d Cir.1984); Downey v. Clark, 426 So.2d 331 (La.App. 2d Cir.1983). Hence, we will examine the conclusion of the trial court in light of the foregoing legal precepts.
Plaintiff testified that, as she arrived at the express check-out lane, two other people were ahead of her in line. As the first customer completed the check-out, plaintiff set her items on the counter and then found herself on the floor, having fallen as if her feet had slipped out from under her and she "sort of sat down." She did not know what caused her to fall; neither did she see anything on the floor while waiting in line or immediately after she fell. Plaintiff did not, after the accident, examine her shoes or clothing for substances or stains that might indicate something on the floor produced the mishap. Ms. Davis, the cashier, sought help from the assistant manager, who, upon his arrival at the scene, saw nothing likely to have caused the fall. According to plaintiff, Ms. Davis retrieved a beet leaf from a container behind the counter, displayed it to the assistant manager and stated that plaintiff had slipped on it. Importantly though, on cross-examination, plaintiff conceded that she had no sensation of stepping on an object or foreign substance before falling.
The only other trial witness with firsthand knowledge of the incident was Ms. Davis. Her testimony established that, in accordance with store procedures, she inspected and cleaned the area around, and in front of, her check-out lane anytime there was a lull in activity. In fact, immediately prior to the three customers coming to her station, Ms. Davis had completed such a process and noticed no foreign material on the floor.
Of the three shoppers, plaintiff was the third in line. The first was a lady purchasing fresh beets, which she had not placed in a plastic bag available in the produce department, and several other items. Ms. Davis recalled a few beet leaves loose on the conveyor belt, but remembered seeing none fall to the floor. About five minutes was required to check out the first customer, and Ms. Davis had just finished that process with that individual when plaintiff began falling.
Ms. Davis stated that, upon first observing, out of the corner of her eye, the fall beginning to occur, she went around the counter to offer assistance and found plaintiff still a foot or two from the floor. Indeed, she described the fall as "a slow kind of gradual fall," and further said plaintiff was taking precautions to ease the impact, including bracing herself with her left arm. Ms. Davis looked at the floor and found nothing near plaintiff's feet. Only an inspection of the area underneath an extension of the counter yielded a beet leaf, fresh in appearance, which Ms. Davis placed in a container behind the counter. She detected no indentations in the leaf or juice on the floor.
Since the manager could not be immediately contacted, Charles Cedars, a dairy clerk and 17-year Kroger employee, was called to the front of the store. He observed plaintiff on the floor and examined the beet leaf. The leaf was not damaged and appeared fresh, Mr. Cedars testified, *243 with no dirt, grit, or smudges being apparent. In addition, to more closely inspect the floor, Mr. Cedars got down on his hands and knees in the area of the accident but was unable to detect any juice or reddish color residue, which two and one-half years experience in the produce department had taught him to expect when a customer steps or slips on a beet leaf.
Finally, Anthony Matranga, the co-manager of the store, was called to the check-out stand by either Ms. Davis or Mr. Cedars. When asked by Mr. Matranga what had happened, plaintiff replied that she had some arthritis in her hip. Ms. Davis informed Mr. Matranga that a beet leaf had been on the floor, but he saw no residue or other evidence such as an item, when stepped or slipped upon, would be expected to leave. The entire floor area where plaintiff fell was clean.
As the evidence discloses, then, plaintiff fell and a beet leaf was discovered in the general area of the accident. However, the trial judge determined that the evidence did not show the leaf to have caused the fall. The record reveals no clear wrongness in that factual finding.
No one, not even the plaintiff herself, testified she slipped and fell on a beet leaf. Plaintiff acknowledged being unaware of what caused her to slip and fall. Indeed, she had no sensation of stepping on a foreign substance and then falling, and she saw nothing on the floor either before or after the accident. Ms. Davis described plaintiff's fall as slow and gradual instead of sudden, like a slip. In addition, the beet leaf was not discovered near plaintiff's feet, but rather was found much nearer the counter and underneath it. Ms. Davis and Mr. Cedars described the leaf's appearance as fresh and undamaged with no dirt, smudges, indentations, or other indicia of having been mashed by someone's foot. No witness observed any juice or residue on the floor, and Mr. Cedars, an experienced grocery store worker, after searching carefully on his hands and knees for any such evidence that someone had slipped on a leaf, found none.

B.
While the judgment is affirmed for the reasons previously discussed,[1] the record also absolves defendants from liability on another basis. As indicated earlier, once it is proven that a foreign substance on a store's floor caused a customer to fall and sustain injury, the burden of proof shifts to the defendant store to exculpate itself by rebutting the presumption of negligence. Gonzales v. Winn-Dixie of Louisiana, Inc., 326 So.2d 486 (La.1976); Kavlich v. Kramer, 315 So.2d 282 (La.1975). To achieve exculpation, the merchant faces a two-fold task of showing that his employees did not cause the hazard and that he exercised such a degree of care that a hazard caused by customers would have become known under most circumstances. Brown v. Winn-Dixie of Louisiana, Inc., 452 So.2d 685 (La.1984).
The present record, of course, adequately discloses that none of the store employees created a hazard in the area involved. A store, in demonstrating its degree of care, usually will set forth its routine inspection and clean-up procedures. Evidence reveals that the Kroger store here involved had no regularly scheduled inspections and clean-ups. Rather, all employees were instructed to look continually for debris or spills on the floor and to seek help, if needed, in removing them. Cashiers were primarily responsible for the areas around their check-out lanes; however, courtesy clerks and supervisors, as well as the manager, would also inspect the cashiers' areas.
Be that as it may, Ms. Davis had just finished inspecting and cleaning the entire area around her check-out stand when the two customers, along with plaintiff, arrived. Ms. Davis' clean-up disclosed no beet leaf to be present, and no one else had *244 come through her area in the interim. Approximately five minutes later, of course, a leaf, presumably having fallen from the first customer's beets, was found.
Assuming arguendo the store's clean up procedures to be inadequate, they nevertheless cannot be regarded as a cause-in-fact of plaintiff's accident. Even much better procedures likely would not have prevented the accident. The fact that Ms. Davis had inspected the area in which the fall occurred and found it to be clean not more than five minutes before the accident, demonstrates the absence of a causal relationship between plaintiff's mishap and the adequacy of overall inspection and clean up procedures. No court would require a store to continuously inspect its premises at five minute intervals. Morgan v. Stanley Stores, Inc., 550 So.2d 733 (La.App. 2d Cir.1989). Nor, under the circumstances presented by this case, was the cashier obliged to walk around the counter and examine the floor after the departure of each customer purchasing produce.

CONCLUSION
For the foregoing reasons, the judgment appealed is affirmed. All costs are to be borne by appellants.
AFFIRMED.
NOTES
[1] Under LSA-R.S. 9:2800.6, our new slip and fall statute, a plaintiff must prove the accident was caused by a hazardous condition on the premises. The burden then shifts to the merchant to prove he acted reasonably to keep the premises free of hazardous conditions. To that extent, the statute parallels existing jurisprudential principles. Hence, an analysis of the primary issue in the present case would yield the same result under either statement of the law.