571 So.2d 855 (1990)
Linda A. BROUSSARD, Plaintiff-Appellant,
v.
DELCHAMPS, INC., Defendant-Appellee.
No. 89-596.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1990.
Writ Denied February 8, 1991.
*857 Roy, Carmouche, Bivins, Judice, Henke & Breaud, Michael G. Lemoine, Lafayette, for plaintiff-appellee-appellant.
Allen & Gooch, Raymond C. Jackson III, Lafayette, for defendant-appellant-appellee.
Before STOKER, LABORDE and YELVERTON, JJ.
LABORDE, Judge.
Plaintiff, Linda A. Broussard, filed suit against defendant, Delchamps, Inc., for injuries she sustained when she slipped and fell in defendant's store located in Lafayette, Louisiana. Defendant answered the suit in the form of a general denial. A jury heard the case on September 13 and 14, 1988. After deliberations the jury found both plaintiff and defendant to be at fault for the injuries sustained by plaintiff. It assigned plaintiff 85% of the fault and defendant was assigned 15% of the fault. The jury awarded plaintiff $10,000.00 for medical expenses, $3,000.00 for pain and suffering, $1,000.00 for disability and $3,500.00 for loss of earnings. A formal judgment was signed by the trial judge on December 12, 1988, which reduced plaintiff's award in accordance with the percentage of fault assigned to her by the jury. The trial judge also cast defendant for all costs of court. Plaintiff filed a motion for judgment notwithstanding the verdict which was denied on March 6, 1989. Plaintiff now appeals the jury's comparative fault determination and its awards for general damages and loss of earnings. Defendant also appeals, contending that the trial judge abused his discretion when he cast it with the entire amount of court costs. We amend the trial court's judgment to reapportion costs as follows: 85% of the costs are to be borne by plaintiff and 15% of the costs are to be borne by defendant. In all other respects the trial court's judgment is affirmed.

FACTS
On June 14, 1986, at approximately 9:00 P.M., plaintiff and her friend, Hilda Bonner, went to defendant's store to purchase some groceries. Plaintiff picked out some items from the front of the store and then proceeded to the back of the store where the meat and dairy products are located. Plaintiff pushed her shopping basket along the meat counter which was parallel with the back wall of the store. As she approached the meat counter, plaintiff's attention was drawn to a display rack which contained bags of pork skins. The exact location of the display rack is a matter of dispute. Plaintiff alleges that this rack was located in a small walkway which runs between the end of the meat counter and a wall. Plaintiff contends that the display rack was up against the wall and faced the end of the meat counter. She further alleges that she stepped into this walkway to retrieve a bag of pork skins and as she turned to look at the picnic hams located in the meat counter, her right heel slipped causing her to fall to the floor. Plaintiff states that she landed on her posterior and struck her back against the meat counter. It was at this point that plaintiff noticed that she had slipped on a small bit of peeled banana. Plaintiff alleges that as she tried to pick herself up off the floor, she struck her knee on the shopping cart and fell again to the floor, this time striking her head on the side of the meat counter. She claims that she did not see the banana until after she fell and that at that time, she noticed that it was similar in color to the tile floor.
After she had fallen, plaintiff's friend came to assist her. The two then went to the front of the store to report the accident. At the front of the store, they met Joseph Guidry, who was the assistant manager on duty at the time. Mr. Guidry began filling out an accident report. Plaintiff alleges that while Mr. Guidry was in the midst of writing up the report, he suddenly stopped and ran to the back of the store. When he returned to the front of the store, he finished writing up the report.
*858 Defendant presents a significantly different version of the facts of this case. Joseph Guidry testified that he observed the banana on the floor of the walkway before the accident occurred. He stated that he placed a four-legged sign which read "Caution-Wet Floor" directly over the banana. Mr. Guidry then went to find an employee to clean up the banana. Mr. Guidry testified that when he went to the back of the store after plaintiff reported the accident, he noticed that the sign had been moved and placed against the wall. He further stated that the walkway where the plaintiff slipped is not in the immediate sales area and that the pork skin rack was never located in the walkway, but rather, it was outside of the walkway.

LIABILITY FOR THE SLIP AND FALL
In slip and fall cases the burden of proof is initially on the plaintiff, who must show that she fell and was injured because of the presence of a foreign substance or "premises hazard." A prima facie case is established when the plaintiff shows that she slipped and fell and was hurt because of a dangerous condition on the premises. If a prima facie case is established the burden shifts to the store owner to rebut the presumption that it was negligent. LSA-R.S. 9:2800.6; McCardie v. Wal-Mart Stores, Inc., 511 So.2d 1134 (La.1987); McCargar v. Babin Motors, Inc., 499 So.2d 1081 (La.App.3d Cir.1986). The store owner is not the insurer of the safety of its customers and it does not have to keep its entranceways, aisles and passageways in perfect condition. What is, relevant to each case is that a reasonable effort is made to insure the patron's safety under the circumstances. Arnold v. T.G. & Y. Stores Co., 466 So.2d 529 (La.App.3d Cir.), writ denied, 470 So.2d 126 (La.1985). After the initial discovery of a dangerous condition, the store owner has the burden to actually correct it or to warn of the danger while corrective procedures are being taken, if such a warning is reasonably possible. Williams v. Winn Dixie of Louisiana, Inc., 393 So.2d 680 (La.1981); Lewis v. Piggly-Wiggly of Ferriday, Inc., 403 So.2d 95 (La.App.3d Cir.1981).
In the instant matter, there is no doubt that there was a piece of banana on the floor in defendant's store, and we determine that from the evidence presented at trial a jury could have reasonably concluded that plaintiff suffered injuries as a result of slipping on the piece of banana. Thus, we must decide whether defendant took reasonable steps to protect its customers from sustaining injuries because of this hazardous condition.
Joseph Guidry testified at trial that it was defendant's policy that the floors be inspected every thirty minutes for spills or foreign substances. Mr. Guidry further testified that just prior to the occurrence of the accident, he went to the rear of the store to check a price for one of the cashiers. While he was in the back of the store, Mr. Guidry observed that there was a piece of banana in the walkway beside the meat counter. Mr. Guidry stated that this area is out of the immediate sales area. Mr. Guidry informed the jury that he placed a "Caution-Wet Floor" sign over the banana and then proceeded to find an employee to clean it up. He described the sign as being very large and he did not see how it could be missed. Between the time that the sign was placed over the banana and Mr. Guidry located an employee to clean it up, the accident which is the basis of this lawsuit took place. Defendant maintains that the actions taken by Mr. Guidry were reasonable under the circumstances.
Plaintiff argues that defendant did not take reasonable precautions to prevent an accident from occurring. She points out that under defendant's operational guidelines, which were introduced into evidence, the "sales area shall be kept clean at all times and free from any unsafe conditions." Plaintiff further points out that the section of the operating standards regarding the produce department specifically states:
"Sales area floors must be swept as often as necessary to ensure safety and neat appearance. Spills or smashed produce on the floor must be taken care of immediately."
*859 It must be noted, however, that this accident did not occur in the produce department. Plaintiff contends that the action taken by defendant's employees does not meet the standards set out in the operational guidelines and can not be considered reasonable under the circumstances. There is no written record of whether the floors were inspected every thirty minutes, nor is there any evidence, except for Mr. Guidry's testimony, that there was a sign placed over the banana. In fact, both plaintiff and her friend Ms. Bonner, testified that there was no sign positioned over the banana at the time the accident occurred. Plaintiff argues in brief that even if Mr. Guidry had placed a sign over the fruit, this alone was not sufficient to discharge defendant of its responsibility to provide a reasonably safe place to shop. She asserts that it would have been much more reasonable and more in line with defendant's policy for Mr. Guidry to have picked up the banana as opposed to placing a sign over it.
A jury's finding of fact should be affirmed unless characterized by manifest error, and should not be upset except in the most compelling and clearest case of error. Dieudonne v. Guidry, 336 So.2d 990 (La. App.3d Cir.), writ denied 339 So.2d 853 (La.1976); Hooper v. Wilkinson, 252 So.2d 137 (La.App.3d Cir.1971). An appellate court must give great weight to conclusions reached by the trier of fact, and if there is a conflict in testimony reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed unless manifestly erroneous. Miller v. Winn-Dixie Stores, Inc., 527 So.2d 989 (La.App.3d Cir.), writ denied, 531 So.2d 763 (La.1988); Novak v. Texada, Miller, Masterson and Davis Clinic, 514 So.2d 524 (La.App.3d Cir.), writ denied, 515 So.2d 807 (La.1987).
After careful consideration of the record, we cannot say that the jury was manifestly erroneous or clearly wrong in finding plaintiff to be 85% at fault for the injuries she sustained. We find that a jury could have reasonably believed Mr. Guidry's testimony that he placed a sign over the banana. We also find that this action on the part of defendant constituted a reasonable effort to ensure the safety of its customers considering that Mr. Guidry discovered the foreign substance in an obscure part of the store late on a Saturday night. The jury was not in error in assigning defendant some degree of fault for the accident, as it could have found that Mr. Guidry was negligent in not picking up the banana immediately. Therefore, it could have determined that defendant failed to completely discharge its burden of proving that it exercised reasonable care in keeping the store free of hazardous conditions. We further determine that the jury's allotment of the majority of the fault to plaintiff was not clearly wrong. Plaintiff was clearly negligent in not paying attention to and tripping over a large sign designed to alert her to the fact that there was a hazard in that area. We think in this case plaintiff should have seen the sign and should have avoided the hazardous condition.

GENERAL DAMAGES AND LOSS OF EARNINGS
Plaintiff contends that jury abused its discretion when it awarded her $3,000.00 for pain and suffering, $1,000 for past and future disability and $3,500.00 for past and future loss of earnings. Regarding the general damage award, plaintiff claims that she has experienced a great deal of pain in her neck and lower back regions. Plaintiff was treated by Dr. Joseph Tyler, but also was seen by Dr. Thomas Bertuccini, Dr. Thomas Laborde and Dr. James LeFleur. They all agree that plaintiff has suffered some degree of neck and lower back pain due to muscle sprains and strains. The evidence indicates that plaintiff suffered some dizziness and nausea, allegedly resulting from the medication she was prescribed for her neck and back problems. A number of diagnostic tests were performed on plaintiff and all were within normal limits. A MRI test performed on plaintiff did reveal early degenerative disc disease at L4-S1, which, Dr. Tyler opined could have been aggravated by the fall. Plaintiff underwent physical therapy, she wore a TENS unit (transelectrical nerve *860 stimulation unit), to help relieve pain, and a lumbar corset. The medical records on the plaintiff indicate that she is 5' 11" and approximately 265 lbs and that she has high blood pressure and suffers from petit mal seizures. Plaintiff was hospitalized on several different occasions for neck and back pain and for symptoms of nausea and dizziness allegedly caused by the medication prescribed to her.
The assessment of damages is the province of the trier of fact, whose judgment is allowed great discretion and deference and an award of damages cannot be disturbed unless the record on appeal clearly reveals that the trier of fact abused its great discretion. Ponder v. Groendyke Transport, Inc., 454 So.2d 823 (La.App.3d Cir.), writ denied, 457 So.2d 1195, 1198 (La.1984). In reviewing a trial court's award of general damages, the reviewing court may not impinge upon the great discretion given the trier of fact on the issue of damages by replacing its award with one the reviewing court subjectively believes to be adequate. Sullivan v. Quick, 465 So.2d 254 (La.App.3d Cir.), writ denied, 467 So.2d 1134 (La.1985). After reviewing the medical testimony and the medical records in this case, we determine that the jury did not abuse its much discretion in awarding plaintiff $4,000.00 for pain and suffering and disability.
Turning to the issue of loss of earnings, the evidence establishes that just prior to her accident, plaintiff completed curriculums in the secretarial and medical office clerk fields at Delta Business College. Plaintiff's transcript indicates that she was a "B" student. Testimony at trial established that plaintiff was offered a medical office clerk position in the early part of 1987 at a nursing home, but plaintiff alleges that she had to decline the offer because she was undergoing physical therapy at the time. Plaintiff claims that she had to refuse another job as a cashier in a small grocery store because of the pain and her physical therapy. Plaintiff testified that she had not been employed as of the date of trial and that she was planning on attending a LPN program which would last approximately a year.
Again, we find no abuse of discretion in the jury's award of $3,500.00 for loss of earnings. Plaintiff was never a wage earner before the accident and her future employment plans are far from certain. Review of lost earning capacity awards should be all the more deferential where damages are especially uncertain. See Gardiner v. Commercial Union Insurance Companies, 488 So.2d 1331 (La. App.3d Cir.1986).

COSTS
Defendant has appealed the judgment of the trial court insofar as it casts defendant for all court costs of these proceedings. Under LSA-C.C.P. art. 1920:
"Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable."
In Joeffroy v. Succession of Arceneaux, 507 So.2d 1281, 1284 (La.App.3d Cir.1987) this court stated:
"It is true that C.C.P. Article 1920 vests broad discretion in the trial court in the assessment of costs. Such discretion is not, however, unlimited. LeBlanc v. Opt, Inc., 421 So.2d 984 (La.App. 3rd Cir.1982). Discretion in the assessment of court costs is restricted to the realm of what is equitable. Harper Oil Field Services v. Dugas, 451 So.2d 96 (La. App.3rd Cir.1984); Johnson v. Bucyrus-Erie Company, 476 So.2d 1074 (La.App. 3rd Cir.1985)."
We find that it was inequitable for the trial court to saddle defendant with the total amount of court costs, when it was found to be only 15% liable for plaintiff's accident. Accordingly, we cast defendant with costs commensurate with its percentage of fault.
The judgment of the trial court is amended to cast plaintiff for 85% of the costs and *861 defendant for 15% of the costs. In all other respects the judgment is affirmed.
AFFIRMED AS AMENDED.