618 So.2d 1069 (1993)
Chantell L. BRAUD
v.
GREAT ATLANTIC & PACIFIC TEA COMPANY, INC. d/b/a A & P Food Store of Franklin.
No. 92 CA 0176.
Court of Appeal of Louisiana, First Circuit.
April 23, 1993.
*1071 John E. Conery, Franklin, for Chantell L. Braud, petitioner/appellant.
Ann M. Halphen, Hoffman, Sutterfield, Ensenat & Bankston, Baton Rouge, for Great Atlantic & Pacific Tea Co., Inc. d/b/a A & P Store of Franklin, appellee.
Before CARTER, LeBLANC and PITCHER, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment in a slip and fall case.

FACTS
On or about July 18, 1988, plaintiff, Chantell L. Braud, filed the instant suit against defendant, Great Atlantic & Pacific Tea Company, Inc. d/b/a A & P Food Store of Franklin (A & P) for damages sustained when she allegedly slipped and fell in the A & P food store in Franklin. According to plaintiff's petition, on July 19, 1987, while shopping, plaintiff slipped and fell on a foreign substance believed to be water on the floor of the A & P food store near the ice cream freezers. As a result of this fall, plaintiff allegedly sustained serious injuries. Plaintiff subsequently amended her petition on August 3, 1989, requesting damages for the loss of consortium allegedly sustained by her husband, Leslie J. Braud, Jr., as well as additional damages for her injuries.
After a jury trial, the jury determined that plaintiff failed to prove, by a preponderance of the evidence, that an act of negligence or fault on the part of A & P was the proximate cause of her accident. Accordingly, the trial court rendered judgment in favor of A & P and against plaintiff and her husband and dismissed their claims with prejudice. Thereafter, plaintiff filed a motion for judgment notwithstanding the verdict and, alternatively, a motion for a new trial, which was denied by the trial judge on December 13, 1990.
From this adverse judgment, plaintiff appeals assigning the following errors:
1. The trial judge erred in excluding as hearsay Mrs. Braud's testimony regarding the statements made by the woman to the young black man about the water on the floor. Under the well-settled jurisprudence, as codified in the Louisiana Code of Evidence, the testimony was not hearsay, since it was offered to explain Mrs. Braud's failure to make a formal report of the accident immediately following its occurrence and not to prove the truth of the matter asserted, i.e., that there was water on the floor.
2. The jury committed manifest error in finding that the defendant was free from fault in causing Mrs. Braud's accident and resulting injuries. Under the law as it existed both at the time of the accident and at the trial, the defendant was legally presumed to have been negligent, and it bore the burden of exculpating itself from that negligence. It clearly failed to do so, and the jury committed reversible error in making its contrary finding.
3. The trial judge erred in denying the plaintiffs' motion for a judgment notwithstanding the verdict, or alternatively, motion for a new trial. For the reasons stated in the second assignment of error, above, the jury verdict and resulting judgment were clearly contrary to *1072 the law and the evidence. Moreover, evidence presented at the hearing established that one of the jurors had suffered a serious head injury prior to the trial, which rendered him incapable of fulfilling his duties as a juror, and which he improperly failed to disclose to the trial court and the plaintiffs during voir dire examination.

HEARSAY TESTIMONY
Hearsay evidence is evidence of an out-of-court, unsworn, oral or written statement made by a person other than the testifying witness which is offered for the truth of its content. LSA-C.E. art. 801 C; State v. Veal, 583 So.2d 901, 903 (La.App. 1st Cir.1991). Hearsay is inadmissible, unless it fits within one of the recognized exceptions to the hearsay rule. State v. Jones, 558 So.2d 546, 549 (La.1990). However, if testimony is offered for any other purpose, the testimony is not hearsay. State v. Veal, 583 So.2d at 903; State v. Byrd, 540 So.2d 1110, 1113 (La.App. 1st Cir.), writ denied, 546 So.2d 169 (La.1989). For example, if an extrajudicial statement is offered not as an assertion to prove the truth of the matter, then it is not hearsay, and it is admissible so long as it meets the criteria for admission of any evidence, i.e. relevance, materiality, and risk of undue influence. State v. Jones, 558 So.2d at 549.
In other words, the hearsay rule does not bar testimony not properly defined as hearsay. When testimony concerning an out-of-court statement is not "offered as an assertion to show the truth of the matters asserted therein," such testimony is, by definition, not hearsay. Such testimony may therefore be admissible if it otherwise meets the requirements of relevancy and materiality, and overcomes the risk of undue prejudice. Buckbee v. United Gas Pipe Line Company Inc., 561 So.2d 76, 80 (La.1990).
In its broadest sweep, the hearsay rule excludes all testimony regarding statements made out-of-court by declarants who at the time of making the statements were not, under oath, not in the presence of the trier of fact, and thus not subject to cross-examination. By excluding testimony which fails these three requirements, the hearsay rule increases the reliability of in-court testimony and seeks to admit only that testimony which the fact finder can evaluate for the witness's perception, memory, narration, and sincerity. Buckbee v. United Gas Pipe Line Company Inc., 561 So.2d at 80.
However, an out-of-court statement may be admissible as non-hearsay in the following instances, among others: (1) to prove that the out-of-court statement was made, rather than to prove the truth of the fact or facts asserted in the statement; (2) to illustrate the impact and consequent effect that the out-of-court statement had upon the state of mind of the listener or to illustrate the state of mind of the speaker; and (3) to prove the occurrence of a "verbal act" to which the law attaches duties and liabilities. Buckbee v. United Gas Pipe Line Company Inc., 561 So.2d at 80.
In the instant case, plaintiff sought to introduce her own testimony relative to what another customer allegedly told a young man in the store shortly after plaintiff fell.[1] Plaintiff submits that this testimony was offered not to prove the truth of the matter asserted (that there was water on the floor), but to explain why plaintiff left the store without reporting the incident.
A review of the testimony reveals that, prior to proffering the testimony regarding what a customer allegedly told a young man in the store shortly after plaintiff allegedly fell, plaintiff testified as follows:
Q. ... [W]hat happened after you got off the floor?
A. ... [T]his other lady came along and she asked me if I needed any help.... The lady went and she told a guy that was, and I assume that he was a stock boy.
Q. He had an A & P uniform on?

*1073 A. He had a white shirt on. That's all I can remember. He did go through the double back doors that's on the side of the meat department. And I assume he went to get a mop.
This testimony, which was admitted without objection, offered an explanation as to why plaintiff left the store without reporting the incident, presumably because she felt that the young man worked for the defendant. Any reference to what the customer told the young man had little or no value other than to prove the truth of the matter asserted, namely that there was water on the floor. As such, it was hearsay, and the trial judge did not err in refusing to admit this testimony.

LIABILITY
For slip and fall cases tried after July 18, 1988, the burden of proof is set forth in LSA-R.S. 9:2800.6.[2]
LSA-R.S. 9:2800.6, at the time of the trial of the instant matter, provided as follows:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous condition which reasonably might give rise to damage.
B. In a suit for damages by a person who has suffered damages as the result of a hazardous condition while on the merchant's premises, the person must prove that the accident was caused by a hazardous condition. The burden of proof then shifts to the merchant to prove that he acted in a reasonably prudent manner in exercising the duty of care he owed to the person to keep the premises free of any hazardous conditions.
C. In exculpating himself from liability under this Subsection, the merchant need not introduce the testimony of every employee of the merchant or any particular proportion thereof, but is only required to introduce the testimony of any employee shown to have actually created the hazardous condition and those employees and management personnel whose job responsibilities included inspection or cleanup of the area where the accident giving rise to the damages occurred.
D. `Merchant' means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business.
In other words, although the merchant is not the insurer of his customer's safety, he owes a duty to his customers to exercise reasonable care to keep his premises, including the aisles, passageways, and floors, free of hazardous conditions. Kavlich v. Kramer, 315 So.2d 282, 284 (La.1975); Estes v. Kroger Company, 556 So.2d 240, 241 (La.App. 2nd Cir.), writ denied, 559 So.2d 1360 (La.1990); Dickson v. Wal-Mart Stores, Inc., 535 So.2d 800, 806 (La. App. 2nd Cir.1988).
To establish a prima facie case in a slip and fall lawsuit, the plaintiff must prove that he suffered injury as a result of a hazardous condition while on the merchant's premises and that he slipped in a foreign substance, which resulted in his injury. Hall v. Petro of Texas, Inc., 580 So.2d 420, 422 (La.App. 2nd Cir.), writ denied, 584 So.2d 682 (La.1991); Broussard v. Delchamps, Inc., 571 So.2d 855, 858 (La. App. 3rd Cir.1990), writ denied, 575 So.2d 370 (La.1991); Estes v. Kroger Company, 556 So.2d at 241. A hazardous condition is one which creates an unreasonable risk of harm to customers under the circumstances. Stockwell v. Great Atlantic & Pacific Tea Company, 583 So.2d 1186, 1188 (La.App. 1st Cir.1991). In the context of slip and fall cases, a hazard is shown to exist when the fall results from a foreign *1074 substance on the floor or from an otherwise unreasonably slippery condition. Stockwell v. Great Atlantic & Pacific Tea Company, 583 So.2d at 1188; Kinchen v. J.C. Penney Company, Inc., 426 So.2d 681, 683 (La.App. 1st Cir.1982).
If a prima facie case is established, then the burden shifts to the merchant to exculpate himself from the presumption that it was negligent. McCardie v. Wal-Mart Stores, Inc., 511 So.2d 1134, 1135 (La.1987); Hall v. Petro of Texas, Inc., 580 So.2d at 422; Broussard v. Delchamps, Inc., 571 So.2d at 858; Estes v. Kroger Company, 556 So.2d at 241-42. The merchant's burden is twofold. First, the merchant must prove that its employees did not cause the hazard. Second, the merchant must prove that it exercised such a degree of care that it would have known under most circumstances of a hazard caused by customers. Brown v. Winn-Dixie Louisiana, Inc., 452 So.2d 685, 687 (La.1984); Estes v. Kroger Company, 556 So.2d at 243.
The merchant's duty of care requires that reasonable protective measures, including periodic inspections, are undertaken to ensure that the premises are kept free from substances that might cause a customer to fall. Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486, 488 (La. 1976); Ritchie v. S.S. Kresge Company, Inc., 505 So.2d 831, 833 (La.App. 2nd Cir.), writ denied, 507 So.2d 227 (La.1987).
Whether the protective measures were reasonable must be determined in light of the circumstances of each case, considering, commensurate with the risk involved, the merchant's type and volume of merchandise, the type of display, the floor space utilized for customer service, the volume of business, the time of day, the section of the store, and other considerations. Brown v. Winn-Dixie Louisiana, Inc., 452 So.2d at 686, n. 1; Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d at 488; Hall v. Petro of Texas, Inc., 580 So.2d at 422.
A jury's finding of fact should be affirmed unless characterized by manifest error and should not be upset except in the most compelling and clearest case of error. Broussard v. Delchamps, Inc., 571 So.2d at 859. An appellate court must give great weight to conclusions reached by the trier of fact, and, if there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed unless manifestly erroneous. Broussard v. Delchamps, Inc., 571 So.2d at 859.
In the instant case, the threshold question is whether plaintiff proved that the accident was caused by a hazardous condition. The only testimony offered by plaintiff to establish her allegations that she slipped and fell as a result of a foreign substance on the floor of the food store was that of plaintiff and her friend, Tina Hebert.
Plaintiff testified that while shopping in the A & P store, she slipped and fell in some water near the ice cream coolers. Plaintiff testified that the back and left side of her pants were wet after the fall. Tina Hebert did not witness the incident in the A & P store. Rather, Hebert had accompanied plaintiff to the store, but had remained in the automobile with her five-month-old daughter. Hebert testified that plaintiff went into the store and subsequently returned to the vehicle. Hebert testified that when plaintiff exited the store, plaintiff was upset and crying and the back of plaintiff's pants, which was dry prior to going into the store, was wet.
While this evidence may arguably establish that a hazardous condition existed on the floor, plaintiff's credibility was seriously challenged. On direct examination, plaintiff admitted telling a physician at Franklin Foundation Hospital a few days after the alleged slip and fall at A & P that her left leg went out and that she fell at home.
Plaintiff also testified that she did not see a doctor prior to her alleged slip and fall at A & P (July 19, 1987) for any problems with back or neck pain, for headaches, or for her episodes of passing out. However, plaintiff later admitted that she may *1075 have been treated by Dr. Accardo for back and neck pain and for passing out on June 24, 1987, a month prior to the alleged slip and fall at A & P, and that she had been treated at the emergency room of Franklin Foundation Hospital for passing out on April 20, 1987.
Moreover, plaintiff acknowledged that emergency room records revealed that she had been treated for dizziness in 1986 also. In fact, plaintiff admitted to having been treated for problems with passing out or blacking out as early as July 27, 1985.
Dr. Nick Accardo testified that on June 24, 1987, (several weeks prior to the alleged slip and fall in A & P), he treated plaintiff for complaints of back and neck pain. At that time, plaintiff reported to Dr. Accardo that she had been suffering with this pain for about two weeks prior to her visit. The history plaintiff gave at that time was that, the pain had been so intense, that she had passed out in an A & P on the Sunday prior to June 24, 1987.
After reviewing the entire record in this case, we find that the jury's determination that plaintiff failed to prove that her accident was caused by the negligence of the defendant must be affirmed. Given the inconsistencies in plaintiff's testimony regarding the onset of the symptoms giving rise to her suit against the defendant, the jury apparently discredited plaintiff's testimony, and we cannot say that the evaluations of credibility and inferences of fact made by the jury are manifestly erroneous. Because plaintiff did not sustain her initial burden of proof, the burden never shifted to the defendant to exculpate itself.

INCOMPETENT JUROR
Peremptory grounds for granting a new trial in a jury case are present if it is shown that the jury was bribed or behaved improperly so that impartial justice has not been done. LSA-C.C.P. art. 1972(3). Pitts v. Bailes, 551 So.2d 1363, 1369 (La.App. 3rd Cir.1989), writs denied, 553 So.2d 860 (La. 1989), and 556 So.2d 1262 (La.1990); Cosie v. Aetna Casualty & Surety Insurance Co., 527 So.2d 1105, 1108 (La.App. 1st Cir. 1988). Otherwise, the trial judge is granted wide discretion in allowing or denying the motion for new trial. LSA-C.C.P. art. 1973; Pitts v. Bailes, 551 So.2d at 1369; Cosie v. Aetna Casualty & Surety Insurance Co., 527 So.2d at 1108.
In the instant case, plaintiff alleges that the jury foreman was not competent to serve as a juror because he suffered a prior injury to his head, which necessitated the installation of a plate. The matter was considered by the trial judge after a proceeding in chambers, and no record was made for this court to review. The record is devoid of any evidence that the juror was incompetent to serve. Accordingly, we cannot say that the trial judge abused his discretion in denying plaintiff's motion for a new trial.

JNOV
The applicable statute governing motions for judgment notwithstanding the verdict is set forth in LSA-C.C.P. art. 1811. The article does not specify the grounds on which a trial judge may grant a JNOV, however, in Scott v. Hospital Service District No. 1 of St. Charles Parish, 496 So.2d 270, 273 (La.1986), the Louisiana Supreme Court set forth the criteria to be used in determining when a JNOV is proper.
A JNOV is warranted when the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary verdict. Anderson v. New Orleans Public Service, Inc., 583 So.2d 829, 832 (La.1991); Scott v. Hospital Service District No. 1, 496 So.2d at 274; Lilly v. Allstate Insurance Company, 577 So.2d 80, 83 (La.App. 1st Cir. 1990), writ denied, 578 So.2d 914 (La.1991). The motion should be granted only when the evidence points so strongly in favor of the moving party that reasonable men could not reach different conclusions, not merely when there is a preponderance of evidence for the mover. If there is evidence opposed to the motion which is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach a different conclusion, the motion should be denied. In making this determination, the court should not evaluate the credibility of the witnesses, and all reasonable inferences or *1076 factual questions should be resolved in favor of the non-moving party. Anderson v. New Orleans Public Service, Inc., 583 So.2d at 832; Scott v. Hospital Service District No. 1 of St. Charles Parish, 496 So.2d at 273-74.
In reviewing a JNOV, the appellate court must first determine if the trial court erred in granting the JNOV. This is done by using the aforementioned criteria just as the trial judge does in deciding whether to grant the motion or not, i.e. do the facts and inferences point so strongly and overwhelmingly in favor of the moving party that reasonable men could not arrive at a contrary verdict? If the answer to that question is in the affirmative, then the trial judge was correct in granting the motion. If, however, reasonable men in the exercise of impartial judgment might reach a different conclusion, then it was error to grant the motion and the jury verdict should be reinstated. Anderson v. New Orleans Public Service, Inc., 583 So.2d at 834.
In the instant case, we have carefully reviewed the entire record. Plaintiff was the only witness to the accident, and she was the only witness who testified as to the presence of water on the floor. However, her credibility was severely impeached. We cannot say that the evidence points so overwhelmingly in her favor that reasonable men might reach a contrary verdict. Accordingly, we find no error in the trial judge's refusal to enter a JNOV in plaintiff's favor.

CONCLUSION
For the above reasons, the judgment of the trial court is affirmed. Plaintiff is cast for all costs on appeal.
AFFIRMED.
NOTES
[1] The testimony, which was proffered by plaintiff, indicated that the customer told a young man that plaintiff had fallen and that there was water on the floor by the ice cream coolers.
[2] Although the instant case arose out of a slip and fall which allegedly occurred on July 19, 1987, the matter was tried on June 11 and 12, 1990. Therefore, the burden of proof set forth in LSA-R.S. 9:2800.6, prior to amendment by Acts 1990, No. 1025, § 1, is applicable to the instant case. We note, however, that LSA-R.S. 9:2800.6, which was amended by Acts 1990, No. 1025, § 1, effective September 1, 1990, changed the burden of proof for causes of action which arise after September 1, 1990.