633 So.2d 841 (1994)
Maydrin TREADAWAY
v.
SHONEY'S, INC.
No. 93-CA-1688.
Court of Appeal of Louisiana, Fourth Circuit.
February 25, 1994.
Aimee Carriere, Julien F. Jurgens, Habans, Bologna & Carriere, New Orleans, for defendant-appellant.
*842 Salvador E. Gutierrez, Jr., Mary Ann Hand, Gutierrez and Hand, Chalmette, for plaintiff-appellee.
Before BYRNES, LOBRANO and WALTZER, JJ.
WALTZER, Judge.

STATEMENT OF THE CASE
The defendant/appellant, Shoney's, is appealing a judgment rendered after a jury trial awarding plaintiff/appellee, Mrs. Maydrin Treadaway, $128,874.61 in damages. However, the damage award was reduced to $85,907.82, due to the fact that the plaintiff/appellee was found to be 33 1/3% negligent.

STATEMENT OF FACTS
The basic facts of the case are not in dispute. On June 5, 1991, Maydrin Treadaway and her husband Benmore met at the Shoney's Restaurant on Highway 39 around 12:30 to have lunch. After lunch, Mr. Treadaway left Mrs. Treadaway at the cash register to pay the bill. While at the register, Mrs. Treadaway noticed a busboy mopping the floor near the cash register area. Mrs. Treadaway decided to wait at the cash register until the busboy wet-mopped and dry-mopped the floor and removed the "wet floor" signs. After he finished and removed the "wet floor" signs, she proceeded to exit the restaurant. As Mrs. Treadaway crossed the threshold leading into the foyer, she slipped and fell injuring her left wrist and left hip area. An EMT unit was called and arrived approximately 10-15 minutes later.
The only factual issue in dispute concerns the condition of the floor in the foyer at the time Mrs. Treadaway slipped. According to two Shoney's employees, Ms. Penny Ioannidis and Ms. Katherine Roques, the floor was clean and dry at the time Mrs. Treadaway slipped. However, Mrs. Treadaway testified that the floor was damp, a fact corroborated by Mr. Troy Lauga, the Emergency Medical Technician, who rendered aid to Mrs. Treadaway at the time of the accident. According to Mr. Lauga, he could see skid marks on the floor where it appeared the plaintiff walked a bit and slid. Moreover, he said that he almost slipped coming into the foyer.

FIRST ASSIGNMENT OF ERROR
The first issue raised on appeal concerns whether or not the plaintiff-appellee carried her burden of proof required by the Louisiana Merchant Liability Act (La.R.S. 9:2800.6). The Act provides the following:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damages.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
(3) The merchant failed to exercise reasonable care.
The appellant argues that Mrs. Treadaway did not present any evidence that a dangerous condition existed on the premises, or that said condition caused her accident. The appellant cites the testimony of two witnesses who both corroborated the fact that the floor was clean and dry at the time of the accident.
Further, in support of its position, the appellant cites several cases which hold that the mere occurrence of an accident does not give rise to a presumption of negligence. Harron v. Maryland Casualty Company, 347 F.2d 357, 358 (5th Cir.1965); Eugene v. Wal-Mart Stores, Inc., 570 So.2d 216, 220 (La.App. 5th Cir.1990); Taylor v. Schwegmann Giant Supermarkets, Inc., 586 So.2d *843 641, 643 (La.App. 5th Cir.1991). In addition, appellant cites, Castille v. Great Atlantic & Pacific Tea Co., 591 So.2d 1299 (La.App. 3d Cir.1991), for the proposition that the store owner is not required to maintain entrances, and floors in perfect condition. In Castille, 591 So.2d at 1300, a business invitee of the A & P Food Store said that he tripped on some loose grits that had fallen on the floor. The Third Circuit affirmed the ruling of the trial court by holding that the plaintiff failed to establish that grits on the floor caused him to fall. In addition, there was testimony given that his fall could have resulted from fugue (a temporary flight from reality). Moreover, even if he did establish that the grits were the cause of the slip and fall, the record indicates that the store owner acted in a reasonably prudent manner in attempting to keep the store premises free of hazardous conditions. Just fifteen minutes before the accident, the assistant store manager had walked down that aisle and found no problems. The appellant asserts that the present case is similar to Castille, because as in Castille, Shoney's acted in a reasonably prudent manner by attempting to keep the premises free of hazardous conditions. In their testimony, the Shoney's employees stated that it was each employee's duty to clean up anytime they saw debris on the floor.
The appellee cites Stobart v. State through Dept. or Transp. and Development, 617 So.2d 880 (La.1993), as the controlling law. Stobart echoed the holding of Rosell v. ESCO, 549 So.2d 840 (La.1989), in which the court held that a Court of Appeal may not aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." The Stobart court announced a two-part test for the reversal of a factfinder's determinations:
1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). * * *
The Louisiana Supreme Court went on further in Stobart to hold the following:
Nevertheless, the issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. (citations omitted) Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. (citations omitted)
However, where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable factfinder would not credit the witness's story, the court of appeal may find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. (citations omitted) Nonetheless, this Court has emphasized that "the reviewing court must always keep in mind that `if the trial court or jury's findings are reasonable in the light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.'" at pp. 882-883.
The appellee asserts that a review of the record indicates the jury findings were more than reasonable and that she carried her burden of proof required by La.R.S. 9:2800.6. The plaintiff testified that she fell on a wet floor, and that this condition presented an unreasonable risk of harm.
Furthermore, the plaintiff's description of the condition of the floor was corroborated at trial by an independent third-party Mr. Troy Lauga, the Medical Technician who treated Mrs. Treadaway at the scene of the accident. He testified that the floor was wet at the time he treated Mrs. Treadaway and he almost slipped after entering the restaurant.
The jury weighed Mr. Lauga's testimony against that of the Shoney's employees, Ms. Penny Ioannidis and Ms. Katherine Roques, and decided that Mr. Lauga seemed to present the more credible testimony. Therefore, *844 the holding of the trial court is affirmed with regard to this issue.

SECOND ASSIGNMENT OF ERROR
The next issue on appeal concerns the trial court's assessment of fault. The appellant claims that the accident was due solely to the negligence of the appellee. The appellant asserts that Mrs. Treadaway did not act as a reasonably prudent person because she walked across a floor that had been recently mopped. In support of their position, the appellants cite the case of Broussard v. Delchamps, Inc., 571 So.2d 855 (La.App. 3d Cir. 1990), writ denied (1990). In Broussard, the plaintiff was awarded damages for injuries she incurred when she slipped on debris in a grocery store aisle. However, the damage award was reduced, due to the fact that the court found the plaintiff eighty-five percent (85%) liable for the accident. The court based its decision on the fact that the store manager regularly inspected the aisles. During one of these inspections, he found debris on the floor and placed a caution sign on it. While he tried to locate someone to clean up the debris, Ms. Broussard slipped. The appellant asserts that the Broussard case is on point with the case at hand, because Mrs. Treadaway saw the "wet floor" signs posted and even though they were removed, a prudent person would not have walked on the floor immediately after they were taken up.
Mrs. Treadaway counters that the instant case is distinguishable from Broussard because unlike in that case, she acted as a reasonable person and waited until the busboy completed wet mopping and dry mopping the floor. Moreover, she waited to walk until the "wet floor" signs had been removed. In support of her contention, the appellee cites the case of Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106 (La.1990). In that case, the Supreme Court upheld a finding of no negligence on the part of a patron who tripped over a one-inch elevation to the tiled entrance to a steakhouse restaurant, even though she was looking ahead instead of down. Due to the facts of this case and the Supreme Court's holding in Sistler, we hold that the second assignment of error has no merit.

THIRD ASSIGNMENT OF ERROR
Defendant/appellant asserts that the trial court committed error by not allowing the testimony of Dr. Lawrence Ernst. According to appellant, the testimony of Dr. Ernst along with the report he prepared on Mrs. Treadaway would have revealed that Mrs. Treadaway had been diagnosed with arrhythmia (irregular rhythm of the heart) which can cause hypertension or fallen blood pressure and is associated with weakness and occasional "syncopal" (blackout) episodes. Appellant contends that the appellee suffered one of these fainting spells on June 5, 1991 and that the condition of the floor had no bearing on her injuries.
The appellant argues further that Dr. Ernst's findings, taken in conjunction with the testimony of Ms. Brenda Wehner, a waitress at Shoney's who witnessed the manner in which Mrs. Treadaway fell, show that the accident was attributable to a fainting spell.
Reviewing the "Case Management Order", signed by the trial judge on October 14, 1992, setting out the trial date and the other various cut-off dates, shows that paragraphs (g) and (h) of that "Case Management Order" provide the following:
(g) At least twenty-one (21) days prior to the trial date the plaintiff(s) shall provide defendant(s) the following:
(1) The names of all witnesses who may be called to testify and a brief summary of anticipated testimony.
. . . . .
(3) A list of exhibits and documents which may be introduced and copies of the same if not previously exchanged; and
(4) A description of any further evidence which may be offered.
(h) At least fourteen (14) days prior to the trial date, the defendant(s) shall furnish Plaintiff(s) the information and documents as set forth above in the paragraph (g), where applicable to be used in their defense.
The "Case Management Order" then proceeds to state:
"ALL WITNESSES, EVIDENCE, OR EXHIBITS NOT DISCLOSED IN ACCORDANCE *845 WITH THIS ORDER WILL, IN THE COURT'S DISCRETION BE EXCLUDED FROM TRIAL." (emphasis added)
On March 10, 1993 defendant/appellant Shoney's Inc. filed a witness list in this matter. Dr. Ernst was not listed as a witness by the defendant at this time.
Then on March 22, 1993, the defendant submitted an Amended Witness List including Dr. Ernst.
This list was filed less than two (2) days before the trial. Moreover, the defendant had not provided to plaintiff's counsel a medical report of Dr. Ernst or any other information pertaining to the substance of possible testimony.
On March 25, 1993, the second day into the trial, defense counsel produced a medical report detailing the subject of Dr. Ernst's expected testimony.
Counsel for the plaintiff/appellee objected to the introduction of this testimony as it would have amounted to "trial by ambush." Additionally, appellee pointed out that the report had little or no probative value, because Dr. Ernst stated within his report that there existed only a possibility that the plaintiff fell while fainting.
We find that there is no basis to assume that Mrs. Treadaway suffered from arrhythmia at anytime when she fell. The testimony of Dr. Raul Diaz who treated Mrs. Treadaway in the emergency room shows that she had normal vital signs. Moreover, Dr. Pou, the plaintiff's personal physician, testified that the plaintiff was a good surgical risk. Dr. Pou's evaluation when taken with the evaluations given by Dr. Diaz and Troy Lauga, the medical technician, point to the fact that Mrs. Treadaway's injuries were not a result of fainting spells. We find that the trial court did not err in excluding the testimony of Dr. Ernst and thus, there is no merit to this assignment of error.

FOURTH ASSIGNMENT OF ERROR

A. FUTURE MEDICAL EXPENSES
The appellant contends that the award of $40,000.00 for future medical expenses is not supported by any law or evidence presented at trial. Appellant argues that both plaintiff's and defendant's physicians agree that Mrs. Treadaway reached maximum recovery before trial. Appellant points out that plaintiff's physician testified that the plaintiff might suffer occasional episodes of pain in the wrist. The only future medical care required by the plaintiff would be "periodic" prescriptions for anti-inflammatory medication and that no additional surgeries or any significant future treatment was indicated.
We find that the award is not excessive and is justified given the uncertainty with regard to any future operations or treatments. Appellee's physician stated that according to the x-rays taken, there was evidence of arthritis in the carpal-radial joint. Therefore, we affirm the holding of the trial court.

B. PAIN AND SUFFERING
Appellant contends that the award of $62,500.00 awarded to the plaintiff for pain and suffering is excessive and should be reduced. In support of their contention, they cite Daugherty v. Cas. Reciprocal Exch. Ins., 522 So.2d 1323 (La.App. 2d Cir.1988). In Daugherty, a twenty-four year-old woman sustained a compound fracture of her left wrist and forearm in an automobile accident. She underwent eight surgical procedures in which dead tendons were removed and a metal brace was applied to hold the fractured bones together. Finally, a metal plate was used to hold the fractured bones together and pins were inserted. Despite the ongoing history of continued medical problems, the court awarded $35,000.00 in compensation for her injuries.
Appellee points out that the award of $62,500.00 is too low. The record reveals that the plaintiff sustained a severe fracture to her left wrist which required two surgical procedures. Due to the severity of her injuries, her wrist was fitted with an external fixation device which consisted of a series of pins being put in her wrist and hand. These pins protruded through the skin and were *846 covered by a box-shaped frame which held everything in place.
During her treatment, appellee was also required to be fitted with a brace with rubber bands attached to the forefingers which helped pull her fingers down in an effort to help her gain motion. Moreover, appellee had to undergo many hours of physical therapy and soak her hand in a paraffin bath on a daily basis.
Due to her injuries, appellee was unable to drive a car for over one-year and now has a special knob on her steering wheel because she is not able to grip the wheel. During the time she wore the fixation device, appellee could not cook, perform housework or tend to her own personal hygiene. Because of appellee's inability to perform household duties, her husband, who himself is not physically well was forced to perform many of these duties.
Appellee argues that considering the impact of all her injuries, the award of $62,500.00 is not excessive, rather the award should be increased. However, this court finds the Supreme Court's recent decision in Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993) is the controlling law. In Youn, the Supreme Court held that the role of the appellate court in reviewing general damages is not to decide what it considers to be the appropriate award, but rather to review the exercise of discretion by the trier of fact. Since we find that the trial court exercised reasonable discretion, the trial court's decision is affirmed.
AFFIRMED.