THIBODEAUX, Chief Judge,
dissenting in part.
hi agree with the majority that the deposition testimony of Ms. Ragsdale was erroneously admitted. I disagree that the plaintiff met his burden in proving constructive notice under La.R. 9:2800.6 or that the evidence was sufficient to show cause-in-fact of plaintiffs injuries.
In light of the White and Broussard decisions relied upon by the majority, I conclude Mr. Guillot failed to prove that Dolgencorp had constructive notice of the allegedly hazardous McDonald’s cup. Absent Ms. Ragsdale’s deposition testimony, the only evidence in the record regarding the temporal element is the video surveillance indicating the cup was on the floor for roughly two minutes prior to Mr. Guil-lot’s accident. Unlike Broussard, even if the cup was full of water as stated in Mr. Guillot’s testimony, there is no evidence as to the size, state, and scope of a spill that would indicate the cup was there for any more time than the two minutes in the video. While I recognize this was a busy time of year given the Easter season, two minutes, without more, is not a “sufficiently lengthy” time to put a merchant on notice of hazardous conditions. To hold otherwise is unreasonable because it forces a merchant to constantly monitor the 1 ¡.physical state of his place of business rather than engage in the primary goal of selling goods.
*132 Mr. Guillot argues that Dolgencorp had constructive notice given the ten minutes of video surveillance of a discarded plastic bag before and after the accident in another part of the store. The majority relies upon this court’s decision in Davenport v. Albertson’s, Inc., 00-685 (La.App. 3 Cir. 12/6/00), 774 So.2d 340, writ denied, 01-73 (La.3/23/01), 788 So.2d 427, where we held that one may prove constructive notice by introducing circumstantial evidence of the hazardous condition after the actual occurrence of the event. While we recognized that circumstantial evidence of potential hazards can lead to an inference of constructive notice, I find this case distinguishable from the Davenport decision. In Davenport, this court relied on circumstantial evidence of negligent store upkeep in the same location where the actual slip and fall occurred. Further, Davenport involved a summary judgment proceeding where this court concluded that the evidence was sufficient to create a genuine issue of material fact as to constructive notice. We did not determine sufficient proof of the temporal element necessary to establish constructive notice. Similarly, a review of other Louisiana slip and fall cases relying on circumstantial evidence all used evidence that could lead to an inference of constructive notice of the hazard in the specific location of the accident.[1] In contrast, the only circumstantial evidence Mr. Guillot relies upon |Ris a discarded plastic bag in a completely different part of the store. While this evidence indicates knowledge of the bag, this alone cannot lead to an inference of constructive notice of hazards in a different part of the store.
As such, the majority errs in finding that Dolgencorp had constructive notice of the McDonald’s cup.
While the medical records might indicate an injury of some sort, there is no correlative linkage between Mr. Guillot’s injury and his slip and fall. It is somewhat of a stretch to automatically infer, without more, that medical causation exists. Indeed, many of these visits, according to the medical records, were unrelated to Mr. Guillot’s fall. Moreover, the only medical testimony is that of Dr. Henry who opined that plaintiffs injuries are unrelated to this accident. His testimony went unrebutted.
For the foregoing reasons, I respectfully dissent.

. See Treadaway v. Shoney's, Inc., 93-1688 (La.App. 4 Cir. 2/25/94), 633 So.2d 841 (medical technician rendering aid to plaintiff after fall testified that floor was wet); Oalmann v. K-Mart Corp., 630 So.2d 911, 913 (La.App. 4 Cir.1993), writ denied, 94-244 (La.3/18/94), 634 So.2d 859 (plaintiff proved constructive notice of slippery floors through evidence that it rained prior to the fall); Saucier v. Kugler, Inc., 628 So.2d 1309 (La.App. 3 Cifr.1993) (circumstantial evidence that lemon display was often piled high causing lemons to roll onto the floor sufficed to meet plaintiff's burden); Cobb v. Wal-Mart Stores, Inc., 624 So.2d 5 (La.App. 5 Cir.1993) (constructive notice satisfied through evidence of customers carrying bags of popcorn throughout store, thus risking popcorn being dropped on the floor).